THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* STANLEY SCZERBATY, Appellant.

Second Department, November 22, 1971.

*Joseph A. Teperson* for appellant.

*William Cahn, District Attorney* (*John P. Della Ratta* of counsel), for respondent.

SHAPIRO, J. The issue presented on this appeal is whether the court below erred in imposing sentence without having ordered an examination pursuant to sections 207 and 208 of the Mental Hygiene Law to determine whether the defendant was a narcotic addict.

On February 9, 1970, the defendant interposed a plea of '' guilty '' to the crimes of robbery in the first degree, attempted burglary, criminal possession of stolen property in the second degree and attempted bribery; and a similar plea to a charge of violation of probation. The court was twice informed, at that time, by the defendant's counsel, that the defendant had been heavily using '' all of the different kinds of dope '' prior to his last arrest.

In response to a question by the court as to when he had last used narcotics, the defendant stated that he '' was on LSD '' on the night of his arrest and that he had received narcotics from the jail doctor as medication. He also explained that his difficulties stemmed from his use of drugs.

In spite of that state of the record the court below imposed sentence without ordering the defendant to be examined in accordance with the requirements of sections 207 and 208 of the Mental Hygiene Law. In doing so, the court erred.

Subdivision 1 of section 207 provides that a defendant charged with any felony or misdemeanor, or the offense of prostitution, '' *who, while in custody or when he appears before the court, shall state,* indicate or show symptoms, or [if] it otherwise appears, *that he is a narcotic addict,* shall undergo a medical examination to determine whether he is a narcotic addict '' (emphasis and bracketed word supplied). Section 208 provides that a defendant who has pleaded guilty to or is found guilty of a felony, misdemeanor or the offense of prostitution, and

who has been examined pursuant to section 207, may not be sentenced until the court has received and reviewed the report of such medical examination. The court therefore exceeded its powers when it proceeded to sentence the defendant after he stated he was a narcotic addict and before it had before it for review a report of the medical examination required by those sections.

Sections 207 and 208 of the Mental Hygiene Law are a declaration of public policy which seeks to provide proper treatment for narcotic addicts both for their welfare and the protection of society. Under section 208 the court is vested with discretion to sentence a defendant who is convicted of a felony and is found to be a narcotic addict either to an indeterminate sentence to a correctional facility or to certify him to the care and custody of the Narcotic Addiction Control Commission. It is obvious that a court cannot exercise a reasoned discretion as to which course to pursue if it is not in possession of and has not had an opportunity to review the reports of the medical examination.

In an analogous area, section 2189-a of the former Penal Law required that a psychiatric examination be had and a report be made and submitted to the court in those cases in which the defendant was convicted of a crime punishable, in the discretion of the court, by an indeterminate term of imprisonment of from one day to life. That provision applied to a defendant convicted of a sex offense who required " special consideration not only for his own welfare but for the public's as well " (*People ex rel. Kaganovitch* v. *Wilkins,* 23 A D 2d 178, 183). The courts in interpreting that section of the former Penal Law held its provisions to be mandatory and that it foreclosed a court from imposing sentence until it had received and considered the psychiatric report (see *People ex rel. Lawson* v. *Denno,* 9 N Y 2d 181; *People* v. *Jiggetts,* 19 A D 2d 837), the *ratio decidendi* being that until then the court was in no position to exercise a reasoned discretion as to which kind of a sentence to impose.

By a parity of reasoning, the defendant here and his counsel both having stated to the court — prior to sentence — that the defendant was a narcotic addict, the court could not impose a legal sentence without first fully complying with the provisions of sections 207 and 208 of the Mental Hygiene Law.

The judgment appealed from therefore should be reversed, on the law, and the case remitted to the County Court, Nassau County, for resentencing of the defendant in accordance with this opinion. No findings of fact have been considered.

MARTUSCELLO, Acting P. J., GULOTTA, BRENNAN and BENJAMIN, JJ., concur.

Five judgments of the County Court, Nassau County, all rendered February 9, 1970, reversed, on the law, and case remitted to said court for resentencing. No findings of fact have been considered.