**Stanley SCZERBATY, Plaintiff,**

v.

**Russell G. OSWALD, Commissioner of Correction, New York State, et al., Defendants.**

**No. 71 Civ. 1558.**

United States District Court,
S. D. New York.

March 29, 1972.

Elizabeth M. Fisher, New York City, for plaintiff.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, by Arlene R. Silverman, New York City, of counsel, for defendants.

GURFEIN, District Judge.

This is an amended complaint by a State prisoner allegedly "to redress violations of his constitutional rights inflicted by defendants," the State Commissioner of Correction, the Warden of Green Haven Facility and three of his Deputy Wardens, "who were acting under color of state law." The action is alleged to arise under 42 U.S.C. § 1983 and the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is based upon 28 U.S.C. § 1343(3) and (4) and § 2201. The defendants move to dismiss for failure to state a claim upon which relief can be granted, under Rule 12(b) Fed.R.Civ.P. For the purpose of the motion the allegations of the complaint must be taken as true. Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L. Ed.2d 1030 (1964).

The plaintiff is presently serving a sentence of up to twenty years for robbery, attempted burglary, criminal possession of stolen property and attempted bribery, as well as for violation of probation.[1]

The complaint recites a series of incidents involving his punishment by the prison authorities for various infractions which the plaintiff denies that he committed. These range from refusing to get a haircut, to being out of place in a line, and includes assaulting an inmate, fraudulently eating two breakfasts on Sunday, refusing to mow the lawn "because he had a bad back." He also complains that his cell was searched and his clothing trampled upon, that he was punished for having put watercolors on his light bulb and for having a peace symbol drawn on his prison jacket in indelible ink. He has also been disciplined for appearing in the messhall in a sloppy way.

He alleges further that in the Fall of 1970 he was admitted to a pilot educational program through which inmates earned credits at Dutchess Community College by taking college level courses in prison. The complaint charges that, al-

1. Sczerbaty's sentence was reversed for a defect in the sentencing procedure, People v. Sczerbaty, 37 A.D.2d 428, 326 N.Y.S.2d 267 (2d Dept. 1971), but he was resentenced on March 20, 1972 to the same term, nunc pro tunc.

though the school personnel had no complaint about the plaintiff, he was withdrawn from the program by the prison authorities a week after he mailed the complaint (the original unamended complaint) to this Court.

The complaint contains general allegations that the plaintiff is being punished "for his personal beliefs and values," that there is "an attempt to break his spirit." It alleges that he is falsely accused and excessively punished "because he wears a peace symbol and has radical political sympathies."

The plaintiff seeks an injunction compelling the defendants to permit him to attend school and restraining the defendants from harassing plaintiff and violating his constitutional rights, a declaratory judgment that these rights have been violated, and money damages.

■ Though the plaintiff has not exhausted his State Court remedies, claims of denial of constitutional rights under § 1983 may, nevertheless, be brought in this Court. Corby v. Conboy, 457 F.2d 251 (2 Cir.1972). See United States ex rel. Rodriguez v. McGinnis, 456 F.2d 79 (2 Cir.1972) (en banc); see also Wilwording v. Swenson, 404 U.S. 249, 92 S. Ct. 407, 30 L.Ed.2d 418 (1971).

■ Though the plaintiff has been punished by "keeplock" treatment, meaning that he was confined to his cell for twenty-four hours a day, eating all his meals in his cell, he was never subjected to "solitary confinement" in a "punitive segregation unit" or under abnormal conditions of exposure (in the cold, nude, with inadequate food, etc.). The mere disciplinary action of "keeplock" of itself, is not a deprivation of constitutional right. Sostre v. McGinnis, 442 F.2d 178, 190–194 (2 Cir.1971). Nor do the complaints of separate punishments for separate alleged infractions of prison rules, none of which drew more than fifteen days "keeplock," warrant our interference with the discretion of State prison authorities in maintaining discipline. Corby v. Conboy, *supra,* 457 F.2d at p. 254.

These claims, as well as the claim based on the "keeplock" discipline do not state a claim upon which relief can be granted under § 1983.

■■ We have been instructed, however, that discriminatory punishment solely because of the inmate's beliefs, whether religious or secular, violates his constitutional rights. Cooper v. Pate, *supra;* see Sostre v. McGinnis, *supra,* 442 F.2d at 189; Pierce v. La Vallee, 293 F.2d 233 (2 Cir.1961). Not only are the inmate's "militant political ideas" (*Sostre,* 442 F.2d at 189) protected against his punishment because of such ideas, but the inmate is protected as well against punishment motivated by his having undertaken litigation against the prison authorities. Sostre v. McGinnis, *supra,* 442 F.2d at 189; see Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L. Ed.2d 718 (1969).[2]

■ In this case, since we may not go behind the allegations of the complaint on the motion to dismiss, we must assume, arguendo, that the defendants punished the plaintiff for wearing a peace symbol and otherwise expressing political views, and for bringing the original complaint in the Federal Court. That is not to say that the plaintiff can prove these allegations, or that the prison authorities did not have just cause for the actions taken. These are matters of proof. The limited requirements of due process (*Sostre, supra,* 442 F.2d at pp. 194–199) appear to have been met and the allegations relating thereto are dismissed.

Because the questions of motivation discussed cannot be determined, however, without the taking of evidence, the motion to dismiss the amended complaint is denied.

It is so ordered.

2. While *Johnson* spoke in terms of protecting access to the writ of habeas corpus, the same strictures apply to prisoner complaints under 42 U.S.C. § 1983.