**James R. PRESTON (Amek Bin Rilla), Plaintiff;**

**v.**

**Mr. Walter THIESZEN, Social Service Case Worker, and Wilbur J. Schmidt, Secretary, Department of Health, Welfare and Social Service, Defendants.**

**No. 71–C–154.**

United States District Court,
W. D. Wisconsin.

April 28, 1972.

James R. Preston (Amek Bin Rilla), pro se.

Robert W. Warren, Atty. Gen., Mary V. Bowman, William A. Platz, Asst. Attys. Gen., Madison, Wis., for defendants.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This is a civil action for money damages. Plaintiff has been granted leave to proceed *in forma pauperis*. Jurisdiction is claimed under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983.

In his complaint, plaintiff alleges that on December 14, 1970, he requested permission from defendant Thieszen to mail a letter to a Mrs. William Kenning; and that defendant Thieszen, with the approval of Defendant Schmidt, refused to grant plaintiff the requested permission.

Defendants have moved for summary judgment upon the grounds that there is no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law.

Since defendants do not dispute the facts set forth in the complaint, I find, for purposes of this motion, that there is no genuine issue of fact concerning the allegation of plaintiff's complaint stated above.

In support of this motion, defendants have submitted the affidavit of Roger W. Crist, Acting Warden, Wisconsin State Prison. In his affidavit, Warden Crist avers that the plaintiff was denied the right to correspond with Mrs. Kenning for the reasons that he gave to prison officials "no information regarding the title or relationship" of Mrs. Kenning; that Mrs. Kenning is the sister of an inmate confined in the Wisconsin State prison; that in the past, prison officials have experienced situations where families of persons to whom prisoners have sent letters have become "upset" by certain letters from prisoners to a member of their family; and that prison officials thus "know of no reason why an inmate should be allowed to correspond with the families of other inmates."

Recently, in Morales v. Schmidt, 340 F.Supp. 544 (W.D.Wis. 1972), an inmate at the Wisconsin State Prison brought suit to enjoin prison officials and administrators from refusing to permit him to correspond with his sister-in-law. In denying defendants' motion for summary judgment, this court stated that governmental classifications which result in differential treatment of persons convicted of a crime as compared with those not convicted of crime are to be tested by the same criteria that are applied to governmental classification affecting differential treatment among other classes of persons (*Morales, supra,* at p. 550); that therefore if a challenge is made on equal protection grounds to a prison regulation alleged to infringe upon a "fundamental" interest, the state must show that a "compelling state interest" justifies the differential in treatment; and that freedom to use the mails is a "fundamental" interest. *Id.* at p. 554. In *Morales,* defendants failed to make the requisite showing.

In the case at bar, it appears that the affidavit of Acting Warden Crist is intended by defendants to provide the showing of the "compelling state interest" necessary to justify defendants' interference with plaintiff's correspondence. The affidavit is ambiguous in several respects: it appears to proffer two "prison interests" but does not indicate whether each is "compelling" in its own right or whether taken together, they comprise a "compelling state interest." One of these asserted prison interests appears to be the need for the prison to be informed of the "relationship" between the prisoner and his proposed correspondent, but it appears from page 2 of the Cady affidavit (Exhibit A) that in this case, at a certain point plaintiff did inform defendants of his relationship to Mrs. Kenning. For purposes of de-

ciding this motion, the court will consider that by means of the Crist affidavit, the defendants are presenting as a sufficient "compelling state interest", that some past correspondence between inmates and family members of other inmates have "upset" persons in the families involved.

In *Morales, supra,* I suggested that in the context of equal protection challenges to prison regulations affecting fundamental interests, the showing of a "compelling state interest" justifying a specific regulation would necessarily focus on one or more of the means to achieve the central objective of "protection of members of the general population from antisocial behavior." I suggested further that it has been contended that imprisonment embodies one or more of four means to achieve that central objective: "(1) physical prevention of antisocial behavior during the period of confinement; (2) deterrence of the prisoner from further antisocial behavior following his release; (3) deterrence of others from antisocial behavior; and (4) rehabilitation of the prisoner." (at p. 551). Perhaps in this present lawsuit or in others to come, defendant correctional officials may contend that imprisonment embodies a means, beyond the four listed, to achieve the central objective. As yet, they have not done so in this lawsuit.

■ The present case appears to require judicial scrutiny of a governmental policy by which there is interference with a prisoner's opportunity to mail a letter which may be upsetting to the recipient or to the recipient's family, but no interference with a nonprisoner's opportunity to mail a letter which may be upsetting to the recipient or to the recipient's family. The question arises whether a valid distinction exists as between the potential recipients in the one case and the potential recipients in the other. Defendants have as yet suggested none, and none suggests itself. It appears that justification for this differential in governmental policy, if it is to be justified, must lie in a distinction between the sender in the one case and the sender in the other. The only distinction is that one is a prisoner and the other is not. The justification must lie in the fact of imprisonment. Therefore, the justification must lie in one or more of the functions of imprisonment as a means to a constitutionally permissible end. There has as yet been offered by the defendants no justification rooted in these functions, for the infringement of this plaintiff's fundamental right to use of the mails.

Accordingly, it is hereby ordered that defendants' motion for summary judgment is denied.