**Joe Louis HOWARD, Plaintiff,**

v.

**Lt. CHERISH, F.R. Heinsohn, 4342 Corr. Officer, State of New York Department of Corrections, Fishkill Correctional Facility, and Theodore Reid, Defendants.**

**No. 82 Civ. 2465 (CBM).**

United States District Court,
S.D. New York.

June 13, 1983.

Joe Louis Howard, plaintiff pro se.

Robert Abrams, Atty. Gen., State of N.Y. by Frederick S. Cohen, Asst. Atty. Gen., New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

MOTLEY, Chief Judge.

In this prisoner's civil rights action brought pursuant to 42 U.S.C. § 1983, defendants have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, defendants' motion is granted.

*Background*

The facts of this case were stated in a previous opinion and need not be repeated in detail here. *See* No. 82 Civ. 2465 (S.D. N.Y. Nov. 10, 1982). That opinion dismissed plaintiff's claim asserting a violation of his Eighth Amendment rights but left intact a claim asserting a violation of First Amendment freedoms as well as a claim that defendants punished plaintiff because of his avowed homosexuality.

*Discussion*

In appraising a summary judgment motion, the court "must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought." *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980) (quoting *Heyman v. Commerce and Industry Insurance Co.*, 524 F.2d 1317, 1320 (2d Cir.1975)). The court must be especially hesitant before employing summary judgment against an incarcerated party, who is limited in his ability to collect evidence supporting his claim. *Bracey v. Herringa*, 466 F.2d 702, 703 (7th Cir.1972). However, since summary judgment is designed to quickly end frivolous or meritless claims, *Quinn*, 613 F.2d at 445, the opposing party " 'may not rest upon mere conclusory allegations or denials' as a vehicle for obtaining a trial." *Id.* (quoting *S.E.C. v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir.1978)).

Plaintiff claims that he was punished for threatening defendant with a lawsuit, a violation of his First Amendment rights, and because he is a homosexual. "There is no iron curtain drawn between the Constitution and the prisons of this country." *Bell v. Wolfish*, 441 U.S. 520,

545, 99 S.Ct. 1861, 1877, 60 L.Ed.2d 447 (1978) (quoting *Wolff v. McDonnell,* 418 U.S. 539, 555–56, 94 S.Ct. 2963, 2974–75, 41 L.Ed.2d 935 (1973)). A prison inmate retains his First Amendment right of expression, *Pell v. Procunier,* 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974), and may not be discriminated against solely because of his beliefs, religious or otherwise. *Sostre v. McGinnis,* 442 F.2d 178, 189 (2d Cir.1971), *cert. denied,* 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972); *Sczerbaty v. Oswald,* 341 F.Supp. 571, 573 (S.D.N.Y.1972). On the other hand, these rights may be restricted by the legitimate needs of the correctional system. "[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights...." *Bell v. Wolfish,* 441 U.S. at 547, 99 S.Ct. at 1878. As experts, prison administrators must be given substantial latitude in the day-to-day operation of a correctional facility, *id.,* and federal judges may not interfere in the daily administration of state prisons barring substantial evidence that they have acted disproportionately to correctional needs. *Pell v. Procunier,* 417 U.S. at 827, 94 S.Ct. at 2806.

In the instant case, plaintiff was ordered by prison supervisor Heinsohn to clean a staircase with a rag and a pail of water. Plaintiff complained about the unsanitary condition of the rag and became loud and disruptive when defendant refused to supply him with a new rag. Defendant then filed a misbehavior report against plaintiff which resulted in the loss of commissary and phone privileges for a period of thirty days.[1]

■ Assuming *arguendo* that defendant's action did restrict plaintiff's constitutional rights, plaintiff's actions were sufficiently disruptive to warrant some restriction of those rights. Moreover, the minor deprivations inflicted on him were reasonable restrictions for promoting the goals of prison security and discipline and cannot be said to be disproportionate to correctional needs.

■ The court's ruling might have been different if plaintiff had substantiated his claim of being discriminated against solely because of his sexual preferences. However, plaintiff has failed to present any affirmative evidence in support of his allegations. Despite a discovery period of over ten months, plaintiff has not presented a single affidavit or a shred of evidence to support his claim of discrimination. His conclusory allegations are not sufficient to defeat a summary judgment motion. *Quinn,* 613 F.2d at 445.

Defendants' motion for summary judgment is granted and this action is hereby discontinued. The court certifies that any appeal from its judgment is frivolous under § 1915(a) (1976).

SO ORDERED.

---

**1.** While complaining in a loud and disruptive manner, plaintiff also apparently threatened to sue defendants. This led plaintiff to allege that the disciplinary action was taken in retaliation for threatened legal action. It is apparent that these minor restrictions resulted from the disruptive nature of plaintiff's speech and not from the content of any particular declaration. Plaintiff has submitted absolutely no supporting facts in connection with this bold assertion of a First Amendment violation. The only speech in question in this case is plaintiff's loud and unruly complaints about the cleanliness of a wash rag. The only ruling of this court is that federal judges will not question the discretion of prison officials to discipline an unruly inmate when those measures are not disproportionate to the culpable conduct.