**Louis MARTINEZ, Appellant,**

v.

**Vincent R. MANCUSI, Warden, Attica Prison, Dr. Williams, Dr. Stamburg, and Nurse Hoffman, Attica Prison, Appellees.**

**No. 242, Docket 35017.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 25, 1970.

Decided Oct. 8, 1970.

---

1. A habeas action will lie. See Breen v. Selective Service Board, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970).

922

Herman Schwartz, Buffalo, N. Y., for appellant.

Frank I. Strom, II, Deputy Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., State of N. Y., and Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for appellee.

Before LUMBARD, Chief Judge, and ANDERSON and FEINBERG, Circuit Judges.

LUMBARD, Chief Judge:

This is an action under the Federal Civil Rights Act, 42 U.S.C. § 1983, for willful violation by prison officials of appellant's right to adequate medical care. The District Court for the Western District of New York dismissed appellant's complaint on the ground that the facts alleged were insufficient under the Civil Rights Act to state a cause of action. We reverse the district court's dismissal of the complaint and, without deciding the merits of appellant's complaint, remand for a hearing, at which appellant should be given the opportunity to show the responsibility and liability which his allegations assert.

Since the defendants filed no answer to appellant's complaint, and since the district court dismissed that complaint solely on the basis of the facts alleged, we look only to the facts as alleged by the appellant to determine whether the dismissal was warranted. Appellant Martinez, a young inmate of Attica Prison, suffers from infantile paralysis of the right leg. On December 16, 1966, he was indicted for the crime of murder in the first degree. On September 5, 1967, he pleaded guilty to the crime of manslaughter in the first degree. He was sentenced on October 3, 1967 to a

term of imprisonment of ten to twenty years.

In his complaint, Martinez alleges that on June 26, 1969, he was taken from Attica Prison to Meyer Memorial Hospital in Buffalo, where, on June 28, he underwent surgery on his right leg by Doctors Papademetrius and Rigni. After the operation, the surgeons directed that in order for the operation to be successful, appellant lie flat on his back and move his legs as little as possible, and that he be given fifty milligrams of demarol and fifty of morphine as long as he was in pain.

Martinez alleges that on August 9, 1969, defendant Mancusi, the prison warden, ordered him transferred back to the prison. He further alleges that he was removed from the hospital on that day by two prison guards without a discharge from Doctors Papademetrius and Rigni. When the guards arrived at the hospital, the surgeons had left for the day. The person or persons in charge of Martinez warned the guards that he could not walk and was not even to be moved. In blatant disregard of these instructions, and without checking with the surgeons for either a formal discharge from the hospital or advice as to his treatment, the guards handcuffed appellant and made him walk out of the hospital. Appellant was taken back to Attica Prison and placed in the prison hospital.

Martinez further alleges that on the very next day he was discharged from the prison hospital by defendant Dr. Williams, the prison doctor, and was placed in a cell with no facilities for his care. Despite the specific orders by the surgeons, appellant was forced to move his leg and to stand to receive his meals, with the result that the operation ultimately proved unsuccessful. Moreover, he was not given the demarol or morphine prescribed to alleviate his pain, and has thus been in constant and unrelieved pain.

On August 14, 1969, Martinez commenced the instant civil rights action in the district court, seeking an order enjoining the named defendants from depriving him of the care and treatment prescribed by the surgeons, and seeking $25,000 damages against Warden Mancusi, Dr. Williams, and the two unnamed prison guards who removed him from the hospital. On the facts alleged, the district court dismissed the complaint.

Although federal courts are reluctant to interfere in the normal processes of state prison administration, they will not hesitate to intervene when action is clearly necessary to protect a prisoner's constitutional rights. Wright v. McMann, 387 F.2d 519, 522 (2d Cir. 1967). Hence an action against prison officials for inadequate medical care may be brought under the Civil Rights Act in the federal district courts when the prisoner's allegations rise to the level of cruel and unusual punishment in violation of the Eighth Amendment.

In Church v. Hegstrum, 416 F.2d 449 (2d Cir. 1969), we delineated the applicable criteria for determining whether a prisoner's claim of inadequate medical care is sufficient to allege an Eighth Amendment violation and thus to constitute a cause of action under the Civil Rights Act. In that case, we upheld the dismissal of the complaint because the facts alleged in that complaint sounded only in negligence. There was no allegation of "severe and obvious injuries," and no allegation "that any of the defendants knew that treatment was required for the preservation of Church's life, that Church ever requested such treatment, or even that any defendant was aware of his condition." We held that "a complaint claiming failure to provide medical care * * * must suggest the possibility of some 'conduct that shocks the conscience,' * * * or 'barbarous act' * * *. Mere negligence in giving or failing to supply medical treatment alone will not suffice." Church v. Hegstrum, *supra* at 450–451.

Earlier this year, in United States ex rel. Hyde v. McGinnis, 429 F.2d 864 (2d Cir. 1970), we sustained the dismissal of the petitioner's complaint because the entire basis of his claim was a disagree-

ment with the prison doctor's professional judgment. "Virtually every * * * instance in which a court has granted relief [under § 1983] has been characterized by a willful refusal to treat a known ailment, * * * and not the mere exercise of faulty judgment" 429 F.2d at 867.

■ Martinez's allegations in this case meet the criteria of *Hegstrum* and *Hyde* for an Eighth Amendment violation and thus a cause of action under the Civil Rights Act. The alleged conduct of the prison authorities in removing him from the hospital before he was ready to be moved, despite the surgeons' orders and without obtaining a discharge, was more than "mere negligence." If proven, it would constitute a deliberate indifference to, and defiance of, the express instructions of the operating surgeons and the hospital attendants. According to the allegations, the guards came to the hospital at the direct order of the prison warden; and in open disobedience of the warnings of the person or persons in charge of appellant, they handcuffed appellant and made him walk.

■ Defendant Mancusi seeks to evade responsibility on the ground that the allegations do not show him to be guilty of more than negligence. He contends that since there is no allegation that he knew or should have known of the surgeons' orders or that appellant could not be moved, his order to remove appellant, without first finding out this information, was merely negligent and did not constitute deliberate defiance of the surgeons' orders. He further seeks to avoid responsibility on the ground that, while the actions of the guards may have constituted willful misconduct, those actions cannot be imputed to him since there is no doctrine of *respondeat superior* under the Civil Rights Act.

We reject both of these contentions. Surely the warden knew that appellant's operation was a very delicate one; and for him to order appellant's removal from the hospital less than two weeks after that operation, without checking with the operating surgeons and without obtaining a hospital discharge, would be, at best, a deliberate indifference to appellant's condition and the surgeons' orders. Moreover, the warden cannot escape liability by claiming that, under the allegations, it appears that whatever was done was done by the guards. It is alleged that he ordered them to move appellant without obtaining a discharge, and they were following his orders directly and specifically. Indeed, the allegations—which must be taken as true—impose full responsibility for this move on him. Thus Martinez should at least have the opportunity to be heard on his allegation that the warden was responsible for what the guards did.

■ Once he was returned to Attica, Martinez alleges, he was discharged from the prison hospital by defendant Dr. Williams after only one day, was required to stand, and was not given adequate facilities or the prescribed medication. All this was done despite the surgeons' direct orders to the contrary. Dr. Williams argues that he did not know of those orders and did not know that appellant had not sufficiently recovered to return to prison life, and so his actions were merely negligent. But his alleged refusal to check with Meyer Hospital and with the surgeons who were handling appellant there may be shown to have been a deliberate indifference to appellant's condition and to what the surgeons' orders might have been.

Moreover, the doctor's alleged misconduct in this case is not, as it was in *Hyde*, a matter of medical judgment. Under the allegations here made, his actions were in deliberate disregard of orders and hospital requirements. Obviously, courts cannot go around second-guessing doctors. But neither can they ignore gross misconduct by a doctor, especially when it violates specific orders by the specialists in charge of the case.

Clearly, then, the defendants' conduct, as alleged by Martinez, was more than

mere negligence or poor medical judgment; it is charged to have been deliberate indifference to, and defiance of, explicit medical instructions, resulting in serious and obvious injuries. Although we express no opinion on whether appellant should ultimately prevail in his suit, we hold that the facts as alleged are sufficient to constitute a violation of his constitutional rights and thus to state a cause of action under the Civil Rights Act; hence they are sufficient to warrant a hearing on the question. If advised to do so, Martinez should be given leave to file an amended complaint within a reasonable time.

We commend assigned counsel, Herman Schwartz, Esq., for his very able representation of appellant Martinez.

Reversed and remanded.