Norcott **CORBY**, Plaintiff-Appellant,

v.

J. P. **CONBOY**, Superintendent, et al., Defendants-Appellees.

No. 607, Docket 72-1115.

United States Court of Appeals, Second Circuit.

Argued Feb. 25, 1972.

Decided March 15, 1972.

Joel Berger, New York City (William E. Hellerstein, The Legal Aid Society, Prisoners' Rights Project, New York City, on the brief), for plaintiff-appellant.

Benton J. Levy, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of N. Y., Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, on the brief), for defendants-appellees.

Before LUMBARD, MANSFIELD and MULLIGAN, Circuit Judges.

MANSFIELD, Circuit Judge:

This civil rights action by an inmate of Great Meadow Correctional Facility, Comstock, New York, brought pursuant to 42 U.S.C. § 1983, seeks to enjoin the superintendent and other officials of the prison from confiscating his legal books and records, denying him the opportunity to prepare legal papers, punishing him because of his legal activities, refusing to mail letters to his parents and relatives, and depriving him of adequate medical treatment. Without requiring the defendants to answer these charges or holding a hearing, Judge Foley dismissed the complaint "for failure to state a claim upon which any relief can be granted or of which this Court has jurisdiction." We reverse and remand for an evidentiary hearing.

■ The jurisdictional basis for this action, 28 U.S.C. § 1343(3), (4), is clear. Though the plaintiff has not exhausted his state court remedies, claims of denial of constitutional rights under § 1983 are not subject to such requirements. See Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Houghton v. Shafer, 392 U.S. 639, 640, 88 S.Ct. 2119, 20 L.Ed.2d 1319 (1968). Furthermore, inmates of state prisons "are not held to any stricter standards of exhaustion than any other civil rights plaintiffs." Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (Dec. 14, 1971).[1]

■ We hold also that plaintiff's handwritten *pro se* complaint and amended complaint, "which we hold to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (Jan. 13, 1972), fairly state several claims cognizable under the federal Civil Rights Act. The heart of the complaint consists of allegations that the defendants have hindered plaintiff in his ability to prepare legal papers, such as by delaying his letters to courts and law book publishers, by refusing him access to the prison typewriter and law library, and by confiscating nine of his law books, and have placed him in segregated confinement under degrading conditions for his refusal to discontinue his legal activities. Plaintiff claims to have been told by the defendants "either directly or indirectly" that the segregation would continue until his lawsuits ceased. Defendants urge that plaintiff's claims are baseless, a contention adopted in part by Judge Foley, who dismissed the claim of inability to communicate with the court on the ground that Rule 54(A) of the Inmate Rules and Regulations indicated that it was completely lacking in substance.

■ It may well turn out that plaintiff will be unable at trial to prove any of his claims. However, we are required at this stage to accept his allegations as true, Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964), and on that basis the complaint states a cause of action under § 1983. Prisoners no less than other persons have a constitutional right of access to the courts, see Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); Gilmore v. Lynch, 319 F.Supp. 105 (N.D.Cal.1970), aff'd. sub nom. Younger v. Gilmore, 404 U.S. 15, 92 S. Ct. 250, 30 L.Ed.2d 142 (1971), and prison authorities may neither place burdens on that right, see Harris v. Pate, 440 F.2d 315, 317 (7th Cir. 1971), nor punish its exercise, see Sostre v.

---

1. We have recently held that this rule dispensing with the exhaustion requirement applies to suits by state prisoners in New York, even though inmates are provided with adequate state judicial remedies for the redress of intraprison grievances. United States ex rel. Rodriguez v. McGinnis, 456 F.2d 79 (2d Cir. Jan. 25, 1972) (en banc). Even assuming that an application for a *writ of certiorari* will be filed by the Attorney General in that case, we are meanwhile bound by our *en banc* decision. Furthermore the dissent there did not urge dismissal, which was the disposition here, but a stay until the state court had passed upon the matters which were the subject of the complaint.

McGinnis, 442 F.2d 178, 189 (2d Cir. 1971) (en banc), cert. denied sub nom. Oswald v. Sostre, 405 U.S. 978, 92 S.Ct. 1190, 31 L.Ed.2d 254 (Mar. 6, 1972).

Corby also claims that he was "denied adequate medical attention in regards to a serious nasal problem which was brought to the attention of defendant Conboy." Allegations of mere negligence in the treatment of a prisoner's physical condition, or claims based on differences of opinion over matters of medical judgment, fail to rise to the level of a § 1983 violation. See United States ex rel. Hyde v. McGinnis, 429 F. 2d 864 (2d Cir. 1970); Church v. Hegstrom, 416 F.2d 449 (2d Cir. 1969). However, a charge of deliberate indifference by prison authorities to a prisoner's request for essential medical treatment is sufficient to state a claim. See Martinez v. Mancusi, 443 F.2d 921 (2d Cir. 1970). The complaint, though devoid of details as to the nature of plaintiff's nasal disorder, does recite that the problem was serious and that no remedial action was taken by the authorities despite their awareness of it. Although the claim is border-line, particularly in view of plaintiff's admission in his amended complaint that subsequent to the filing of his original complaint he "was called out of his cell and told he was going to see the prison doctor," we believe that it is sufficient and that plaintiff should have been afforded an opportunity to substantiate it.

Finally, Corby contends that several letters to his family and his Congressman were not mailed by the defendants because they contained prison news or constituted "begging." Unlike correspondence with courts or counsel, a prisoner's right to mail letters to his family or friends is not absolute. See Sostre v. McGinnis, *supra*, 442 F.2d at 200. In certain instances the prison officials' refusal to mail an inmate's letter may be clearly justified, such as where communication of its contents to persons beyond the prison walls would pose a threat to prison discipline or security, or would hinder efforts to rehabilitate the inmate. See Sostre v. McGinnis, *supra;* Carothers v. Follette, 314 F.Supp. 1014, 1024–1025 (S.D.N.Y.1970). The present allegations of censorship, however, which at this stage must be accepted as true, adequately state a claim under § 1983.

Bearing in mind the deference which federal courts should give to the discretion of state prison authorities, see Wright v. McMann, 387 F.2d 519 (2d Cir. 1967), we hold that the remainder of the claims in the plaintiff's complaint fail to state a claim for which relief can be granted under § 1983.[2]

Reversed and remanded for further proceedings in accordance with this opinion.

LUMBARD, Circuit Judge (dissenting):

I dissent and vote to remand to the District Court with instructions to refrain from acting until Corby has presented his claim to the New York courts for their determination.

The Supreme Court has not determined conclusively that section 1983 suits brought by state prisoners in *New York* must be heard by federal courts even though the prisoner's constitutional claims have not been presented to the state courts. Until such a determination is made, I will adhere to my dissent in Rodriguez v. McGinnis, decided Jan. 25, 1972, on the grounds that New York State allows prisoners an effective state remedy and that control over state prisoners is a matter peculiarly important to the state. I note that we have been advised that the New York Attorney General will seek certiorari in *Rodriguez.*

2. E. g., insufficient warm clothing, inadequate diet, poor lighting, lack of personal hygiene supplies and hot water, harassment, and discipline for refusal to accept employment.