Wiley JONES, Petitioner,

v.

A. L. LOCKHART, Superintendent, Cummins Unit, Arkansas Department of Corrections, et al., Respondents.

No. 73–1316.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1973.

Decided Sept. 25, 1973.

Wiley Jones, pro se.

Jim Guy Tucker, Atty. Gen., by Ralph C. Hamner, Jr., Deputy Atty. Gen., Little Rock, Ark., for respondents.

Before MATTHES, Senior Circuit Judge, and LAY and ROSS, Circuit Judges.

PER CURIAM.

Appellant, Wiley Jones, appeals from the district court's summary dismissal of his complaint which alleged under 42 U.S.C. § 1983 that he had been deprived of medical treatment by prison personnel. According to Jones, he sustained a back injury on April 6, 1973, while at work at the Cummins Unit of the Arkansas Department of Corrections and sought medical treatment. He alleges he went to the infirmary and was given some pills. On April 9, 1973, he went to regular sick call and was refused further treatment by the paramedic. Five days later, still in pain, he requested permission to go to the infirmary. This permission was denied. On April 16, 1973, Jones again went to regular sick call and asked the paramedic for further treatment. He claims the paramedic informed him that he would do nothing further for him, and not to return to the infirmary for his back injury.

Prior to any response by the state as to whether treatment had been rendered, or any physician's examination had occurred, the district court dismissed the complaint on the basis that "[a] federal constitutional question does not arise simply because an inmate and prison personnel disagree as to whether the former needs a back xray or medication for a back condition."

We reverse the district court's summary dismissal of the complaint, and remand the case for further proceedings consistent with this opinion.

■ The Supreme Court in Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), has stated that a prisoner's petition, no matter how inartfully drafted, should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. We wish to reemphasize that allegations of mere negligence in the treatment of a prisoner's condition, or claims based on differences of opinion over matters of medical judgment, fail to state a federal constitutional question unless the prisoner alleges exceptional circumstances. Cates v. Ciccone, 422 F.2d 926 (8th Cir. 1970); United States ex rel. Hyde v. McGinnis, 429 F.2d 864 (2d Cir. 1970); Campbell v. Beto, 460 F.2d 765 (5th Cir. 1972); Fischer v. Cahill, 474 F.2d 991 (3d Cir. 1973); Coppinger v. Townsend, 398 F.2d 392 (10th Cir. 1968); Stilner v. Rhay, 371 F.2d 420 (9th Cir.), cert. de-

**1194**

nied, 387 U.S. 922, 87 S.Ct. 2038, 18 L. Ed.2d 977 (1967).

However, numerous cases have held that where the prisoner alleges a complete deprivation of medical care, a federal claim is stated. Shields v. Kunkel, 442 F.2d 409 (9th Cir. 1971); Santiago v. Sowers, 347 F. Supp. 1055 (M.D.La. 1972); United States ex rel. Hyde v. McGinnis, 429 F.2d 864 (2d Cir. 1970); Martinez v. Mancusi, 443 F.2d 921 (2d Cir. 1970). The case before us is similar to Corby v. Conboy, 457 F.2d 251 (2d Cir. 1972). There the Court of Appeals for the Second Circuit observed:

> "Corby also claims that he was 'denied adequate medical attention in regards to a serious nasal problem which was brought to the attention of defendant Conboy.' Allegations of mere negligence in the treatment of a prisoner's physical condition, or claims based on differences of opinion over matters of medical judgment, fail to rise to the level of a § 1983 violation. See United States ex rel. Hyde v. McGinnis, 429 F.2d 864 (2d Cir. 1970); Church v. Hegstrom, 416 F.2d 449 (2d Cir. 1969). However, a charge of deliberate indifference by prison authorities to a prisoner's request for essential medical treatment is sufficient to state a claim. See Martinez v. Mancusi, 443 F.2d 921 (2d Cir. 1970). The complaint, though devoid of details as to the nature of plaintiff's nasal disorder, does recite that the problem was serious and that no remedial action was taken by the authorities despite their awareness of it. Although the claim is border-line, particularly in view of plaintiff's admission in his amended complaint that subsequent to the filing of his original complaint he 'was called out of his cell and told he was going to see the prison doctor,' we believe that it is sufficient and that plaintiff should have been afforded an opportunity to substantiate it." 457 F.2d 251, 254.

■ It is not clear from the allegations of the complaint whether Jones

was seen by a physician. It is impossible to determine on this record whether he was denied essential medical treatment. The State of Arkansas should file responsive pleadings to appellant's complaint, and the district court may then reasonably determine whether a hearing is necessary, based upon appellant's allegations as weighed against his medical records and the prison medical personnel's response. Cates v. Ciccone, 422 F.2d 926 (8th Cir. 1970). Cf. Mills v. Larson, 56 F.R.D. 63 (W.D.Pa. 1972).

Judgment reversed and remanded with direction to reinstate the complaint and order a response from the State of Arkansas.