**Sam FREEMAN, Appellant,**

v.

**A. L. LOCKHART, Supt., Cummins Unit, Arkansas Department of Correction, Appellee.**

**No. 74–1362.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1974.

Decided Oct. 9, 1974.

Samuel T. Freeman, filed brief pro se.

Jim Guy Tucker, Atty. Gen. and Michael S. Gorman, Asst. Atty. Gen. of Ark., Little Rock, Ark., filed brief for appellee.

Before VOGEL, Senior Circuit Judge, and ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Samuel T. Freeman, an inmate of the Cummins Unit of the Arkansas Department of Correction, appeals from the dismissal of his complaint, brought under 42 U.S.C. § 1983 against the Superintendent and the prison physician, alleging that defendants had denied him ade-

quate medical care. The district court[1] addressed an inquiry to the prison and thereafter, upon being informed that Freeman would be receiving treatment in the infirmary, dismissed the complaint without prejudice. In a subsequent petition for rehearing, Freeman revised his contentions to assert permanent injury to his eyes. The district court, while observing that the complaint was one for money damages under 42 U.S.C. § 1983, found nothing additional in the petition for rehearing and denied the motion.

Viewed in the light most favorable to Petitioner, Remmers v. Brewer, 475 F.2d 52 (8th Cir. 1973); see Jenkins v. Mc-Keithen, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969), the factual allegations are as follows: In 1969, Freeman was placed in special confinement with a man who was known by the prison officials to have tuberculosis. Shortly thereafter Freeman contracted the disease. It was treated medicinally. After an eye examination in 1973, the prison optometrist determined that the tuberculosis had settled in Freeman's eyes and constituted a hazard to his vision. The optometrist suggested that surgery might correct the problem. Freeman made repeated attempts to see the prison physician in order to follow-up on the optometrist's advice, but was denied access to the physician by the prison paramedic, who gave Freeman eye drops. Freeman now contends that his vision has been permanently impaired and seeks monetary damages.

As a general rule, "allegations of mere negligence in the treatment of a prisoner's condition or claims based on differences of opinion over matters of medical judgment fail to state a federal constitutional question." Jones v. Lockhart, 484 F.2d 1192, 1193 (8th Cir. 1973); see Cates v. Ciccone, 422 F.2d 926 (8th Cir. 1970). Any suit under 42 U.S.C. § 1983 against a state official must be based upon a claim arising out of a clear violation of the complainant's constitutional or other federally protected rights. Cole v. Smith, 344 F.2d 721 (8th Cir. 1965). Here, the claimed inadequacy of treatment must be predicated on obvious neglect or intentional misconduct by the prison officials, see Cates v. Ciccone, supra, 422 F.2d at 928, and must be so heinous as to constitute cruel and unusual punishment as that term is used in the Eighth Amendment or so endanger the prisoner's physical well-being that his Fourteenth Amendment right to life is violated. See Martinez v. Mancusi, 443 F.2d 921 (2d Cir. 1970), cert. denied, 401 U.S. 983, 91 S.Ct. 1202, 28 L. Ed.2d 335 (1971); Gittlemacker v. Prasse, 428 F.2d 1 (3rd Cir. 1970); Church v. Hegstrom, 416 F.2d 449 (2d Cir. 1969); Hirons v. Director, Patuxent Institution, 351 F.2d 613 (4th Cir. 1965).

In Jones v. Lockhart, supra, we cited with approval the holding of the Second Circuit that "a charge of deliberate indifference by prison authorities to a prisoner's request for essential medical treatment is sufficient to state a claim." Corby v. Conboy, 457 F.2d 251 (2d Cir. 1972). Petitioner's pleadings are somewhat inartfully drawn and it is difficult to tell exactly what the gist of his action is. However, pro se complaints are to be liberally construed, Cruz v. Cardwell, 486 F.2d 550 (8th Cir. 1973); see Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Wilwording v. Swenson, 404 U. S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971). From the pleadings reviewed by the district court, taken together, it may reasonably be inferred that Freeman contends that appellees, having sanctioned through negligence conditions of confinement which resulted in his illness, failed and refused to arrange for specialized treatment required to correct the damage to his eyes, with resulting physical impairment. Viewing the complaint and petition for rehearing in this

[1]. The Honorable J. Smith Henley, Chief Judge, United States District Court for the Eastern District of Arkansas.

**1018**

light, we cannot say that "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, *supra,* 404 U.S. at 520–521, 92 S.Ct. 594, 596, *quoting* Conley v. Gibson, 355 U.S. 41, 45–46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957).[2]

Accordingly, we reverse the dismissal of Petitioner's complaint and remand for further proceedings consistent with this opinion. *See* Jones v. Lockhart, *supra,* 484 F.2d at 1194.

2. The District Judge's investigation into Freeman's condition may have prompted the kind of medical attention Freeman sought. It could not, however, moot Freeman's claim for money damages for permanent personal injuries resulting from the alleged deprivation of constitutional rights.