Gerald D. MACKEY, Plaintiff,

v.

George M. CAMP et al., Defendants.

No. 74 CV 70 C.

United States District Court,
W. D. Missouri,
Central Division.

June 22, 1976.

Gerald D. Mackey, pro se.

Robert L. Presson, Asst. Atty. Gen. for Mo., Jefferson City, Mo., Hamp Ford, Columbia, Mo., for defendants.

## MEMORANDUM AND ORDER DISMISSING CAUSE WITH PREJUDICE

ELMO B. HUNTER, District Judge.

The above-styled cause is a complaint under 42 U.S.C. § 1983.[1] In this complaint, plaintiff alleges that he was denied medical treatment while in custody at the Missouri State Penitentiary to a degree violative of the Eighth Amendment guarantee against cruel and unusual punishment.[2] He asks the Court to remedy this lack of treatment constituting a deprivation of his Eighth Amendment rights by ordering that defendants perform surgery to remove bullets lodged in his body and by awarding him monetary damages of $100,000.00. Plain-

---

1. By Order entered on September 5, 1974, 74 CV120, a pleading identical in its allegations to 74 CV70 was consolidated with the above-styled cause for all further proceedings.

2. Plaintiff is no longer in the custody of the Missouri Department of Corrections. Since inception of this suit he has been transferred to the custody of the state of Kentucky.

tiff's request for injunctive relief was, by Order entered September 4, 1974, removed from the above-styled cause and made the basis of a separate, newly numbered civil action, 74 CV147–C, deemed to be a petition for habeas corpus. Accordingly, the instant action contains only plaintiff's request for relief in the form of monetary damages. Plaintiff was granted leave to proceed in forma pauperis with his claims for money damages by Order of October 18, 1974.

The record before this Court shows that plaintiff has two bullets lodged in his body and that plaintiff is of the opinion that the proper medical treatment for this condition is surgical removal of the bullets. Plaintiff has been afforded the following medical treatment since his transfer to the Missouri State Penitentiary in October, 1973. On December 6, 1973, plaintiff was x-rayed. The x-rays of this date showed that there were two bullets lodged in his body, one near the spine and the other in his abdomen. On January 16, 1974, the medical officer at the Missouri State Penitentiary sent a directive to plaintiff's supervisor stating that plaintiff should not be required to perform "excessive pulling or lifting." and that plaintiff's condition would soon be evaluated by the Neurosurgery Department at the University of Missouri Medical Center. This evaluation was undertaken on January 21, 1974. No evidence of neurologic disabilities was found and plaintiff was transferred to the General Surgery Clinic at the Medical Center for further evaluation. Plaintiff was evaluated at the General Surgery Clinic on January 25, 1974. Upon completion of this evaluation, the Chief Resident of the Department of Surgery concluded that while plaintiff did suffer pain from one of the bullets, surgery was not necessary and the pain could be eased by exercise and other treatments. The record shows that plaintiff refused, however, while at the Missouri State Penitentiary, to follow the treatment recommended, which included back exercise, physical therapy, and the use of a bed board and muscle relaxants, as plaintiff was determined that surgery alone was the proper treatment for his condition.

■ Plaintiff has not stated facts establishing that he was denied medical care while in custody at the Missouri State Penitentiary. To the contrary, the record shows that plaintiff received considerable medical attention while at that institution. Medical personnel at both the Missouri State Penitentiary and the University of Missouri Medical Center, in accordance with their judgment, determined that treatment other than surgery was most appropriate for plaintiff. Plaintiff's disagreement with their prognosis does not establish a denial of medical care constituting a deprivation of Eighth Amendment rights. *Robinson v. Hutto,* 521 F.2d 1404 (8th Cir. 1975), *Jones v. Lockhart,* 484 F.2d 1192 (8th Cir. 1973); *Freeman v. Lockhart,* 503 F.2d 1016 (8th Cir. 1974).

■ Not only has plaintiff failed to establish any denial of medical treatment, but as to two of the named defendants there are additional and independent grounds for the dismissal of his action. First, in naming the University of Missouri-Columbia Medical Center, plaintiff has failed to name a legal entity amenable to suit. Under Missouri law [3] the Medical Center is merely a department of the public corporation known as the Curators of the University of Missouri, and it is, accordingly, the Curators rather than the Medical Center which is the proper party defendant. Moreover, it seems almost certain that the Curators, as a public corporation, is itself not a "person" amenable to suit under 42 U.S.C. § 1983. *Prostrollo v. University of South Dakota,* 507 F.2d 775 (8th Cir. 1974).

■ Secondly, with regard to defendant Camp, plaintiff has failed to show a direct and personal participation on his part in the acts complained of. Such a showing is necessary where money damages are sought under 42 U.S.C. § 1983, for the doctrine of respondeat superior is not available to impose vicarious liability on a defendant in a suit for money damages under 42 U.S.C.

**3.** Mo.Const. art. 9, § 9, RSMo. § 172.020 (1969).

§ 1983. *Jennings v. Davis,* 339 F.Supp. 919 (W.D.Mo.1972), aff'd 476 F.2d 1271 (8th Cir. 1973).

For the foregoing reasons, it is therefore

ORDERED that the above-styled cause be, and it is hereby dismissed with prejudice.

IT IS SO ORDERED.