### Carl BUTLER

v.

**Ken BEST, Sheriff, Pulaski County, Arkansas, Officer Kirk, Pulaski County Deputy Sheriff, Officer Wickinlife, Pulaski County Deputy Sheriff, Officer Henry Jackson, Pulaski County Deputy Sheriff, Joan Etheridge, Licensed Practical Nurse, Pulaski County Correctional Facility, and John Achor, Public Defender for the Sixth Judicial District of the State of Arkansas.**

No. LR-C-78-382.

United States District Court,
E. D. Arkansas, W. D.

Oct. 3, 1979.

Supplemental Opinion Filed Oct. 4, 1979.

Steven J. Hughes, Jacksonville, Ark., for plaintiff.

Hugh L. Brown, Deputy Pros. Atty., Boyce R. Love, Little Rock, Ark., for defendants.

## MEMORANDUM AND ORDER

ROY, District Judge.

This action is before the court pursuant to the provisions of 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) & (4). The plaintiff in this case, Carl Butler, is an inmate currently confined at the Arkansas Department of Correction's Cummins Unit. The defendants, with the exception of Mr. Achor, who is currently serving as the Public Defender for Pulaski County, Arkansas, are officials or employees of the Pulaski County Sheriff's Office. The defendants, again with the exception of Mr. Achor[1], are sued in their official capacities as persons having custody and control of individuals confined in the Pulaski County Correctional Facility, a relatively new facility which has taken the place of what was formerly referred to as the "Pulaski County Jail". According to the allegations in the plaintiff's complaint, he was transferred from the Cummins Unit to the Pulaski County Correctional Facility on or about September 22, 1978, where the plaintiff remained for approximately ten (10) days before being transported back to the Cummins Unit. The plaintiff's removal to the Pulaski County Correctional Facility was apparently for the purpose of facilitating his appearance in court on state charges which were then pending against him. The plaintiff claims that the defendants denied

1. The plaintiff has stated in a *pro se* pleading captioned "PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION TO DISMISS AND MOVE FOR DECLARATORY JUDGEMENT" that he has no complaint or claim against Mr. Achor. He has asked the court to dismiss the case as to Mr. Achor. We see no reason why this request should not be granted. It is clear that there is no apparent basis for liability as to Mr. Achor and that his inclusion as a party defendant resulted largely from the plaintiff's lack of knowledge with regard to pleading, practice and procedure.

medical attention to him during the ten days he was incarcerated in the Pulaski County Correctional Facility. More particularly, the plaintiff contends that the defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment by not giving him I.N.H., a medication which had been prescribed and administered to the plaintiff while he was confined at the Cummins Unit. The plaintiff further contends that the defendants' alleged failure to administer his daily dosage of I.N.H., a medication for the prevention of tuberculosis, during the ten (10) days he was incarcerated in the Pulaski County Correctional Facility entitles him to compensatory and punitive damages.

All of the defendants have now moved for summary judgment. Defendant Best's motion is based on his alleged lack of participation in or knowledge of the events alleged in the plaintiff's complaint. Defendant Best contends that his alleged personal liability is premised on the doctrine of *respondeat superior,* a doctrine which has been held inapplicable to suits brought pursuant to the provisions of 42 U.S.C. § 1983. The other named defendants, with the exception, of course, of Public Defender Achor, have alleged that there are no issues of material fact and that they are entitled to judgment as a matter of law. We proceed with our analysis of these contentions.

As the provisions of Rule 56(c) of the Federal Rules of Civil Procedure indicate, summary judgment is appropriate only when there is no genuine issue as to any material fact. Summary judgment is regarded as an extreme remedy which cannot be granted unless the moving party or parties have established their entitlement to judgment as a matter of law and, further, that there are no discernible circumstances under which the party opposing the motion would be entitled to recover. *Weber v. Towner County,* 565 F.2d 1001, 1005 (8th Cir. 1977); *Bellflower v. Pennise,* 548 F.2d 776 (8th Cir. 1977); *Robert Johnson Grain Company v. Chemical Interchange Co.,* 541 F.2d 207 (8th Cir. 1976). In passing on a motion for summary judgment we are required to view the facts in the light most favorable to the party opposing the motion and to give the benefit of all reasonable inferences drawn from the underlying facts to the party opposing the motion. *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1593, 26 L.Ed.2d 142 (1957); *United States v. Diebold,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Weber v. Towner County, supra* at 1005; *Robert Johnson Grain Co. v. Chemical Interchange Co., supra* at 210. The onerous burden which the law imposes upon a party requesting summary judgment does not mean, however, that summary judgment is never appropriate. Indeed, if that were the case, there would be no reason for the remedy to exist and no means of achieving its salutory purpose of avoiding useless, expensive and time consuming trials where there is actually no factual dispute in need of resolution. See *Anderson v. Viking Pump Division, Houdaille Industries, Inc.,* 545 F.2d 1127, 1129 (8th Cir. 1976); *Lyons v. Board of Education,* 523 F.2d 340, 347 (8th Cir. 1975).

In order to prevail on the merits of his claim at trial, the plaintiff would have the burden of establishing that the defendants, or one of them, were deliberately indifferent to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Cotton v. Hutto,* 540 F.2d 412, 414 (8th Cir. 1976); *Wilbron v. Hutto,* 509 F.2d 621, 622 (8th Cir. 1975); *Freeman v. Lockhart,* 503 F.2d 1016 (8th Cir. 1974); *Cates v. Ciccone,* 422 F.2d 926, 928 (8th Cir. 1970). Negligent medical treatment or medical malpractice does not become a violation of a constitutional right merely because the alleged victim is a prisoner. *Estelle v. Gamble, supra* 429 U.S. at 106, 97 S.Ct. 285. Furthermore, the alleged deprivation must relate to "serious medical needs", *Id.,* at 104, 97 S.Ct. 285, or those which could be fairly considered to be "essential", *Jones v. Lockhart,* 484 F.2d 1192, 1193 (8th Cir. 1973).

In the present case, even if we were to find that each and every one of the named defendants were deliberately indifferent to the plaintiff's requests for the

I.N.H. medication, the plaintiff would still be unable to prevail on the merits of his claim. Our conclusion is based on the following undisputed or uncontroverted facts: (1) the plaintiff was confined at the Arkansas Department of Correction's Cummins Unit prior to his transfer to the Pulaski County Correctional Facility on or about September 22, 1978; (2) while confined at Cummins the plaintiff was given a routine examination for tuberculosis[2]; (3) because the tuberculosis test showed a modest positive reaction, a reaction which merely suggested that the plaintiff was susceptible to tuberculosis, the plaintiff was placed on I.N.H. medication as a preventive measure for a period of twelve months; (4) at the time the plaintiff was placed on I.N.H. medication he did not have tuberculosis; (5) on or about September 22, 1978, the plaintiff was transferred from the Cummins Unit to the Pulaski County Correctional Facility where he remained for approximately ten (10) days; (6) during the period of time the plaintiff was incarcerated in the Pulaski County Correctional Facility he was not given any I.N.H. medication although

2. In support of their motion for summary judgment the defendants have submitted the affidavit of Dr. William Stead, an affidavit which has not been contested or controverted. Dr. Stead's affidavit of June 27, 1979, states:

"1. I am Dr. William Stead, M.D., Director, Tuberculosis Section of the Arkansas State Department of Health, my office is 4815 W. Markham, Little Rock, Arkansas. I have personal knowledge of the matters hereinafter referred to, and make this affidavit in support of the defendants Motion for Summary Judgment.

2. As the Director of the Tuberculosis Section of the Arkansas State Health Department it is my duty to direct the testing of all inmates at the Department of Corrections for tuberculosis. On August 12, 1978 the defendant [plaintiff], Carl Butler, was tested for tuberculosis by use of a tuberculin skin test. This test result showed a modest positive reaction. (16mm.) However a subsequent chest x-ray proved to be normal. As preventive treatment Carl Butler was placed on the medicine I.N.H. for a period of twelve months. This was prescribed on August 15, 1978. Mr. Butler at no time from August 12, 1978 to the present has had the disease tuberculosis. The tests simply show him to be susceptible to the development of the disease. The prescribed medicine was for preventive purposes only.

3. On November 22, 1978 another x-ray was taken of Mr. Butler's chest. It again was normal. However, his medicine was continued. In March 1979 a third x-ray of plaintiff's chest was taken. It too was normal, and the medicine as a preventive measure was continued.

4. I have been advised that Mr. Butler did not taken his medicine I.N.H. for an approximate ten (10) day period from about September 22, 1978 to October 2, 1978 while incarcerated at the Pulaski County Correctional Facility.

5. In my opinion as a physician and also as Director of the Tuberculosis Section of the State Health Department; neither Carl Butler nor anyone who came into contact with Mr. Butler suffered any harmful effect or injury because Mr. Butler not taking his medicine for this ten day period. Mr. Butler was never contagious; the medicine was simply for preventive purposes only. There was no endangerment to Mr. Butler or anyone else. The effect of the ten day period of not taking the medicine was insignificant, and would have to continue for more than thirty days before it would affect Mr. Butler's health or the health of those who come into contact with Mr. Butler."

The plaintiff has requested additional time to submit affidavits in opposition to those which the defendants have submitted. The plaintiff has alleged that additional time is warranted because the fact of his confinement makes it difficult to secure affidavits. We are not persuaded by the plaintiff's argument. Counsel has been appointed by the court to assist the plaintiff in the preparation and prosecution of this lawsuit. Plaintiff's court-appointed counsel is not, of course, subject to any of the restrictions which might stem from incarceration. Additionally, we note that the plaintiff has undertaken extensive discovery by propounding numerous sets of interrogatories, requests for admissions of fact and requests for production of documents. From our review of this case and the vigorous manner in which the plaintiff has pursued it, we believe that the plaintiff would have already submitted affidavits in opposition to those submitted by the defendants if, in fact, the plaintiff could submit any affidavits in opposition. Furthermore, we have, by implication, accorded the plaintiff additional time for the submission of affidavits in opposition to the defendants' motion for summary judgment. At this point in time it has been over a month since the defendants moved for summary judgment and, as plaintiff's counsel is undoubtedly aware, our local rules generally require responses to motions within ten (10) from the date of service. See Local Rule 8(c) of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas.

he had been taking the medication on a daily basis prior to his transfer from the Cummins Unit; (7) I.N.H. medication had been prescribed for the plaintiff as a preventive measure inasmuch as tests had shown him to be susceptible to the disease of tuberculosis; (8) the plaintiff has not had nor does he now have tuberculosis; and (9) the omission of plaintiff's preventive medication for a period of ten (10) days was medically insignificant and has not endangered the plaintiff's health or the health of anyone with whom he came in contact. Under these undisputed facts we cannot conclude that the defendants, assuming for purposes of this motion that the plaintiff has or could establish deliberate indifference, have disregarded plaintiff's "serious" or "essential" medical needs. This is particularly true since the alleged denial of medication involved medicine which had been administered as a preventive measure only as opposed to medicine which might have been prescribed in actual treatment of an existing disease or illness. As the Court observed in the case of *Freeman v. Lockhart*, 503 F.2d 1016, 1017 (8th Cir. 1974):

". . . the claimed inadequacy of treatment must be predicated on obvious neglect or intentional misconduct . . . and must be so heinous as to constitute cruel and unusual punishment as that term is used in the Eighth Amendment or so endanger the prison's physical well-being that his Fourteenth Amendment right to life is violated." [citations omitted]

Accordingly, we find that there is no genuine issue of fact with regard to the nature of the plaintiff's medical need which has been placed in issue by this suit. We further find it undisputed fact that the failure to administer plaintiff's I.N.H. medication while he was confined for ten (10) days in the Pulaski County Correctional Facility did not deprive the plaintiff of attention to a "serious" or "essential" medical need.

IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED that there is no genuine issue of material fact presented by the answers to the plaintiff's interrogatories, the affidavits submitted by the parties and the other pleadings and papers in this case and that the defendants' motion for summary judgment should be and the same is hereby granted.

## SUPPLEMENTAL OPINION

On October 3, 1979, this court entered a Memorandum and Order in the above captioned case which granted the defendants' motion for summary judgment. This court's order was premised on our finding that there was no factual dispute with respect to the nature of the medical need involved in the plaintiff's claim for relief. We found, as the Memorandum indicates, that even if the plaintiff established the requisite "deliberate indifference" on the part of the defendants, that there was no genuine issue of material fact with regard to the nature of the medical need of the plaintiff in question. More specifically, we found that it was undisputed as a factual matter that the plaintiff had not been deprived of attention to a "serious" or "essential" medical need. We have now received from the Clerk's Office a recently filed pleading captioned "Supplemental Response to Defendants' Motion For Summary Judgment", a pleading which was not before the court prior to the preparation and entry of the Memorandum and Order mentioned above. In view of the exhibits which have been attached to the plaintiff's supplemental response to the defendants' motion for summary judgment, we deem it appropriate to consider the plaintiff's pleading and the exhibits attached thereto.

Exhibit "A" to the plaintiff's supplemental response to the defendants' motion for summary judgment consists of the affidavit of one Kenny J. Halfacre. We have examined Mr. Halfacre's affidavit and find nothing of probative value with respect to the issue of whether the defendants' motion for summary judgment should be granted. Our conclusion is based on two observations. First, Mr. Halfacre's affidavit does not appear to be a sworn statement. The affidavit is not notarized and it has omitted the statement, "I declare (or certify, verify, or state) under penalty of perjury that the

foregoing is true and correct", the declaration required by federal law for unverified statements. See 28 U.S.C. § 1746(2). Secondly, even the most expansive interpretation of Mr. Halfacre's affidavit would not support an inference that the affiant possesses knowledge of specific facts which would tend to show that there is a genuine issue for trial in plaintiff Butler's case.[1] For example, Mr. Halfacre's affidavit does not mention the name of Carl Butler, the plaintiff in this case, a single time, it does not state that the affiant knew Mr. Butler or that the affiant has knowledge of or was present during any of the episodes alleged in the plaintiff's complaint. In substance, Mr. Halfacre's affidavit does nothing more than relate alleged facts concerning his own treatment while confined at the Pulaski County Correctional Facility. Indeed, it is not even certain that Mr. Halfacre was confined in the Pulaski County Correctional Facility during the same period of time that plaintiff Butler was confined there.[2]

Exhibit "B", the second exhibit attached to the plaintiff's supplemental response to the defendants' motion for summary judgment, is a newspaper article. Although the exhibit does not identify the newspaper from which the article was taken, the article does bear the handwritten notation "Nov. 78" in the top margin. We have encountered some difficulty in determining the relevance which the proffered exhibit might have to the disposition of the defendants' motion for summary judgment. Not only does the exhibit constitute the rankest form of hearsay imaginable, but the article, fairly summarized, provides nothing more than a succinct statement of the allegations set forth in the complaint in another lawsuit against officials in charge of the Pulaski County Correctional Facility. Although we are not certain, we assume that the plaintiff has offered the newspaper article to show that another individual has made allegations similar to those which have been raised in his complaint. In terms of evidentiary value exhibit "B" does not add support to the plaintiff's position with respect to the defendants' motion for summary judgment. Needless to say, factual determinations must be based on evidence rather than allegations. Mere allegations do not, no matter how often they are repeated, have any evidentiary value. We must, therefore, reject the plaintiff's legally unacceptable intimation that this court place reliance upon the "preponderance of the allegations".

In conclusion, we find nothing in the plaintiff's supplemental response to the defendants' motion for summary judgment or the exhibits attached thereto which would lead us to a conclusion different from that expressed in this court's Memorandum and Order of October 3, 1979.

1. Rule 56(e) of the Federal Rules of Civil Procedure provides:

"Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The Court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. *When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.*" [emphasis added]

2. Mr. Halfacre states in his affidavit that he was incarcerated in the Pulaski County Correctional Facility from on or about February 26, 1978 through at least sometime in March of 1978. He was again confined in the Pulaski County Correctional Facility following his transfer from the Arkansas Department of Correction's Cummins Unit during May of 1978. The duration of the confinement which commenced in May of 1978 is not indicated in Mr. Halfacre's affidavit. The relevant period of time insofar as plaintiff Butler's claim is concerned extends from ten days after September 22, 1978, the time during which plaintiff Butler was confined at the Pulaski County Correctional Facility.