**James Jefferson DOTSON, Plaintiff–Appellant,**

v.

**Henry GRAYSON, Warden, et al., Defendants–Appellees.**

No. 01–2402.

United States Court of Appeals, Sixth Circuit.

July 31, 2002.

Before: SILER, COLE, and CLAY, Circuit Judges.

*ORDER*

James Jefferson Dotson, a Michigan state prisoner, appeals pro se a district

court order dismissing his civil rights complaint, filed pursuant to 42 U.S.C. § 1983, for failure to state a claim. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Dotson filed this action against seven prison employees alleging violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights. Dotson alleged that the mother of his daughter had requested prison officials to order Dotson to stop corresponding with his daughter. Dotson alleged that the mother was seeking to terminate his parental rights so that her new husband could adopt the daughter, and to that end, sought to show the state court that he did not maintain contact with her. Dotson alleged that defendants were precluding him from corresponding with his daughter at her mother's request, in violation of his constitutional rights, and in spite of his numerous grievances and appeals. Dotson also complained that a document had been placed in his prison file, also at the request of his daughter's mother, which would cause her to be notified in the event of his imminent release. The district court sua sponte dismissed the complaint for failure to state a claim, pursuant to 28 U.S.C. §§ 1915A and 1915(e). This appeal followed. Dotson has expressly abandoned in his brief on appeal his claims under the Fourth, Fifth, and Eighth Amendments, as well as his claims against all but three of the defendants (resident unit manager Gilkey, Warden Grayson, and Martin, Director of the Department of Corrections).

A complaint is properly dismissed for failure to state a claim when no set of facts could be proven which would entitle the complainant to relief. *Jones v. City of Carlisle, Ky.*, 3 F.3d 945, 947 (6th Cir. 1993). In this case, Dotson's complaint that his daughter's mother would be notified of his release in violation of his due process rights was properly dismissed for failure to state a claim, as Dotson did not show how this notification constituted an atypical and significant hardship. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Upon careful consideration, however, we conclude that the claims that Dotson's First Amendment right to association and Fourteenth Amendment substantive due process rights were violated by the prohibition on correspondence with his daughter were erroneously dismissed for failure to state a claim. The sua sponte dismissal precluded any explanation by defendants of the important government interest furthered by this restriction of Dotson's mail. *See Bell–Bey v. Williams*, 87 F.3d 832, 838 (6th Cir.1996). This court has recently held that close analysis of such restrictions are required where they interfere with the parent-child bond, specially protected by the Constitution. *Bazzetta v. McGinnis*, 286 F.3d 311, 317 (6th Cir.2002). *See also Franz v. United States*, 707 F.2d 582, 595 (D.C.Cir.1983) (freedom of parent and child to cultivate and maintain relationship is one of most important liberty interests); *Corby v. Conboy*, 457 F.2d 251, 254 (2d Cir.1972) (refusal of prison officials to send mail to family stated claim). In light of the above authority, the district court's dismissal of this claim is vacated and the matter remanded for further proceedings. The dismissal of the claim regarding notification of the daughter's mother in the event of Dotson's release, as well as of those claims expressly abandoned by Dotson on appeal, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.