19-358-pr
*Roice v. Gagne et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand twenty.

Present:     PIERRE N. LEVAL,
             REENA RAGGI,
             DEBRA ANN LIVINGSTON,
                 *Circuit Judges.*

———————————————————————

ADAM DANIEL ROICE,

             *Plaintiff-Appellant*,

        v.                                                    19-358-pr

County of Fulton, AMY GAGNE, Nurse Practitioner;
Fulton County Jail, TINA ATTY, Nurse; Fulton
County Jail, JENNA GRAHAM, Nurse; Fulton County
Jail, THOMAS LOREY, Sheriff; FULTON COUNTY,

             *Defendants-Appellees*.

———————————————————————

For Plaintiff-Appellant:          ELMER ROBERT KEACH, III, Maria K.
                                  Dyson (on the brief), Albany, NY

For Defendant-Appellee Gagne:     TERENCE P. O'CONNOR, GEORGE J.
                                  HOFFMAN, JR., O'Connor, O'Connor,
                                  Bresee & First, P.C., Albany, NY

1

For Defendants-Appellees Atty,
Graham, Lorey, and Fulton County:

STEVEN V. DEBRACCIO, Burke,
Scolamiero & Hurd, LLP, Albany, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Adam Roice ("Roice") appeals from a January 16, 2019 decision of the U.S. District Court for the Northern District of New York (Sharpe, *J.*), granting summary judgment to Defendants-Appellees as to all claims brought by Roice in connection with the medical care he received while incarcerated as a pretrial detainee at the Fulton County Correctional Facility ("FCCF"). Roice sued the County of Fulton, nurses Tina Atty ("Atty") and Jenna Graham ("Graham"), Sheriff Thomas Lorey ("Lorey"), and nurse practitioner Amy Gagne ("Gagne") (together, "Defendants"), asserting claims under 42 U.S.C. § 1983 for deliberate indifference to serious medical needs in violation of the Constitution, including supervisory and municipal liability claims, as well as state-law claims for medical malpractice, intentional or negligent infliction of emotional distress, and negligent supervision or retention of an employee. We review grants of summary judgment *de novo*, "construing the facts in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor." *Burns v. Martuscello*, 890 F.3d 77, 83 (2d Cir. 2018). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss only as necessary to explain our decision to affirm.

\*     \*     \*

Roice entered custody on March 20, 2014. During his medical intake examination at FCCF, he indicated no current or past stomach or gastrointestinal problems and denied any prior surgeries or procedures. Throughout his incarceration, Roice submitted numerous medical request forms and was provided with extensive medical treatment. None of Roice's handwritten request forms in the record, dated April 9, April 12, May 15, May 22, May 24, and May 25, 2014, complained of, or sought treatment for, nausea or gastrointestinal issues; rather, Roice therein complained of headaches, nosebleeds, eye pressure, severe pain, sweating, runny nose, migraines, ear pain, and ear pressure. Roice repeatedly received medical care for the symptoms he had complained of for a period of several weeks, including the diagnosis and treatment of numerous medical issues such as high blood pressure and cluster headaches, frequent transportation to the medical unit for observation, numerous follow-up visits, various prescriptions including a therapeutic diet, and arrangements for a CT scan. The record reflects only one instance—on May 12, several weeks before Roice's hospitalization—on which Roice told jail staff that he felt nauseous, which was after taking a new medication.

On May 28, 2014, Roice complained of gastrointestinal discomfort and was provided with medicine to address his symptoms. As his condition worsened and he began vomiting, he was taken to the medical unit, where he remained under close observation and received additional care, including medication and abdominal examinations. When, on May 29, his condition continued to decline, he was transported to St. Mary's Hospital for further evaluation and testing. At the hospital, Roice was diagnosed with gallstones and pancreatitis. He received conservative supportive care for four days and initially showed signs of improvement; however, when his condition worsened on June 2, and he developed necrotizing pancreatitis, Roice was transferred to Albany Medical Center for surgical intervention.

### 1. Deliberate Indifference to Medical Needs

Roice argues that the district court erred in granting summary judgment to Defendants as to his deliberate indifference to medical needs claim, asserting that he began complaining about abdominal pain and nausea prior to May 28, and that Defendants failed to treat that condition, leading to the development of severe pancreatitis that was otherwise avoidable. We disagree.

Defendants' motion for summary judgment was supported by overwhelming evidence that, prior to May 29, Roice had not complained to staff about symptoms that might indicate pancreatitis. Plaintiff's numerous handwritten medical request forms submitted prior to May 29 detailed extensive symptoms, but never mentioned abdominal pain or vomiting. The evidence produced by plaintiff in response to Defendants' motion failed to raise a genuine dispute of fact as to whether he had complained to the medical staff or jail officials about the relevant symptoms. For example, Roice testified in his deposition that he "may not have" complained about nausea and vomiting to the jail's medical providers, and that he "[could not] remember but … thought [he] did." J.A. 2337–39. Roice also offered the testimony of three fellow inmates. But two of them were not competent to testify that Roice complained to officials of the relevant symptoms in the weeks preceding his hospitalization because they had earlier been released. A third inmate, Freddy Barksdale, who gave an affidavit attesting that Roice had been vomiting for four to seven days before going to the hospital, never stated that Roice complained about vomiting or nausea to the staff. Furthermore, Roice's handwritten medical request forms submitted on May 22, 24, and 25 complain of headaches and earaches but do not mention nausea or vomiting. The record accordingly does not support a reasonable inference that the Defendants failed to respond to Roice's complaints or denied him medical treatment.

4

In any event, even assuming that Roice complained of abdominal pain and nausea prior to May 28, he has not adduced sufficient evidence to rebut the record evidence that Defendants treated him with attentive care and to raise a triable issue of fact as to Defendants' *mens rea*. To satisfy the *mens rea* prong of a Fourteenth Amendment deliberate indifference claim, Roice must demonstrate that Defendants "knew, or should have known" of "an excessive risk to [Roice's] health or safety" posed by their chosen course of treatment but, nevertheless, proceeded with that treatment. *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). Roice does not dispute that he received consistent and extensive medical care throughout the three-week period preceding his hospitalization; instead, he maintains that the course of treatment chosen by medical staff failed adequately to respond to his complaints of abdominal pain, nausea, and vomiting and thereby prevent the development of pancreatitis. However, Roice points to no evidence in the record that, even if he complained of abdominal symptoms and nausea prior to the first documented complaint of such symptoms on May 28, Defendants "knew or should have known" of an excessive risk posed by their approach to treating Roice. While, as Roice maintains, symptoms such as nausea, abdominal pain, and nausea are consistent with a diagnosis of gallstones or developing pancreatitis, these symptoms may also stem from innumerable other medical conditions, many of which do not require immediate hospitalization or diagnostic imaging.

To be sure, Roice's expert, Dr. Eisner, opined that Roice's symptoms "required immediate hospitalization and transfer to a higher level of care." J.A. 1170. But that determination was expressly predicated on Dr. Eisner's understanding of Roice's medical history, including a prior history of gallstones and endoscopic retrograde cholangio-pancreatography ("ERCP"), a surgical procedure used in the treatment and diagnosis of pancreatic conditions. Yet the record reflects that, during his initial intake into FCCF, Roice denied any prior history of ERCP, gallbladder or

5

pancreas disease, or indeed any surgical procedure at all. Thus, Roice himself deprived Defendants of key information that could have alerted them to the risk of gallbladder disease and the need for alternative treatment. The record evidence is thus insufficient to permit a reasonable jury to conclude that Defendants were objectively reckless with respect to their chosen approach to Roice's medical treatment. And absent the necessary *mens rea* showing, Roice's claim is based merely on "differences of opinion over matters of medical judgment," which "fail to rise to the level of a § 1983 violation." *Corby v. Conboy*, 457 F.2d 251, 254 (2d Cir. 1972); *see also Estelle v. Gamble*, 429 U.S. 97, 107 (1976).[1]

## 2. State Law Claims

Roice next argues that the district court erred in dismissing his claims under New York law for medical malpractice, negligent or intentional infliction of emotional distress, and negligent supervision or retention. We are again unpersuaded.

As to medical malpractice, for the reasons stated above, Roice has not proffered sufficient evidence to permit a reasonable jury to find a deviation from the acceptable standard of care. Roice's expert evidence to that effect relied on medical history that Roice withheld from Defendants and, therefore, was not probative of whether Defendants' medical care was appropriate in the circumstances known to them. For the same reasons, Roice has not demonstrated sufficient evidence of a breach of duty for the purposes of a negligent infliction of emotional distress claim.

---

[1] Absent any underlying violation, Roice's argument that Lorey and Fulton County are liable under supervisory and municipal theories of liability, respectively, necessarily also fails. *See Salahuddin v. Goord*, 467 F.3d 263, 282 (2d Cir. 2006).

*See Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1996). Accordingly, summary judgment in favor of Defendants was appropriate as to those claims.[2]

Finally, the district court did not err in granting summary judgment as to Roice's negligent supervision or retention claim. Roice fails to put forth evidence that Lorey knew that any employee who provided care to Roice—namely, Atty and Graham—had a propensity for being deliberately indifferent to inmates' medical needs or were otherwise unfit, as required for such a claim under New York law. *See Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 94 (2d Cir. 2011).

We have considered Roice's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Because Roice referenced intentional infliction of emotional distress only in a heading of his brief and did not advance arguments specific to that claim, we deem that argument abandoned. *See Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).