**Roland Mike SANDERS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 31134.

United States Court of Appeals, Fifth Circuit.

Feb. 3, 1971.

Roland Mike Sanders, pro se.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Richard H. Still, Jr., Asst. U. S. Attys., Atlanta, Ga., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

██ The district court denied the appellant's petition in the nature of mandamus and he has appealed. The lack of validity of appellant's contentions is well demonstrated in the order appealed from, which is appended to this opinion. The ruling below is affirmed.[1]

Affirmed.

APPENDIX

United States District Court
Northern District of Georgia
Atlanta Division

Roland Mike Sanders

versus   Civil Action No. 13,893

United States of America

ORDER

Petitioner, a federal prisoner incarcerated in the Atlanta Federal Penitentiary, alleges inter alia that he has received improper medical and dental care, and that the prison authorities have abused their discretion with regard to discipline on several occasions. The government has responded to the court's order to show cause, and petitioner has traversed said response by further elucidating the facts in the petition. For the following reasons, the petition for the issuance of a writ of mandamus is hereby denied.

Basically, the responsibility over control and management of federal prisoners, including the discipline of inmates, is in the hands of the Attorney General and not subject to judicial review unless exercised arbitrarily or capriciously by prison officials. Graham v. Willingham, 384 F.2d 367 (10th Cir. 1967). Penitentiary authorities have wide discretionary powers in their dealings with prisoners,

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.3d 981.

Thompson v. Blackwell, 374 F.2d 945 (5th Cir. 1967); Singleton v. Bosshard, 396 F.2d 821 (5th Cir. 1968). While the courts are reluctant to interfere in the internal operations and administration of the prison system, O'Brien v. Blackwell, 421 F.2d 844 (5th Cir. 1970); Tabor v. Hardwick, 224 F.2d 526 (5th Cir. 1955), in cases where there is a clear abuse of said discretion, the courts will intervene in behalf of the prisoner. See Schack v. Florida, 391 F.2d 593 (5th Cir. 1968); Smoake v. Willingham, 359 F.2d 386 (10th Cir. 1966). This showing by the petitioner, however, must be supported by substantial evidence. Powell v. Hunter, 172 F.2d 330 (10th Cir. 1949).

Petitioner, therefore, must prove to the court that respondent has gone beyond the lawful exercise of its discretionary powers. The court in the case at bar, has reviewed the facts as alleged by petitioner and finds them insufficient to substantiate petitioner's charges of abuse.

Petitioner contends that the prison officials have denied him adequate medical and dental care and treatment, in that he has not received proper medical attention for his ailments. The records submitted by respondent which itemize chronologically the care petitioner has received at the penitentiary clearly demonstrate the adequacy of the treatment accorded petitioner. It is apparent that petitioner is occasionally unwilling to accept the prescribed medication, feeling that he can best determine what medicines should be prescribed. Additionally, the doctors at the prison have on numerous occasions given petitioner drugs for his frequent headaches despite the fact that a review of the medical records reflect no etiological basis was ever found for said complaints.

Petitioner's dental records likewise indicate that his refusal to comply with the recommended treatment procedure is the cause for any discomfort he is presently encountering. Since petitioner does not wish to undergo extensive dental extractions, the prison authorities are not to be held responsible for the cause of his suffering. The choice is petitioner's to make, and his ultimate decision in no way indicates arbitrariness on the part of the prison officials.

Petitioner also cites three instances wherein petitioner feels that the prison authorities abused their discretion by denying him various custodial benefits. More specifically, petitioner first contends that his loss of thirty (30) good time days resulting from a fight at the prison, in which he antagonized the alleged belligerents, exhibits the abuse required for relief. Second, petitioner contends that the refusal to award him meritorious service awards and meritorious good time is the result of one official's discriminatory beliefs. Finally, petitioner feels that he is entitled to have his custody classification reduced from maximum to at least medium, and that the denial thereof demonstrates that degree of abuse sufficient to warrant judicial intervention. With these contentions the court must disagree.

It is apparent from reviewing petitioner's prison records, that petitioner admitted all the facts leading up to his loss of good time both before the Adjustment Committee and the Good Time Forfeiture Board. This court will not hold a determination made upon the facts admitted by petitioner as capricious, nor will the court consider outside factors which may tend to mitigate the penalty imposed when there is no appearance of inequity in the Board's holding. In light of the facts before the above panels, the court cannot say that petitioner has suffered as a result of alleged unwarranted prison decisions.

Further, petitioner's contention that a single prison official practiced unjust discrimination in denying him meritorious service awards and good time, and in not reducing his custody to less than maximum is wholly without merit. Such decisions are made by either the Adjustment Committee or the Classification Team upon numerous factors surrounding petitioner's term of imprison-

ment. A good work record is but one item considered by the respective panels. The court does not find their decisions to be contrary to the evidence then before them, and, therefore, holds that petitioner has not exhibited facts, which when taken in the light most favorable to him, demonstrate abuse of discretion on the part of the federal officials.

Consequently, the petition is hereby denied as failing to substantiate petitioner's averments of medical, dental and disciplinary abuse of discretion.

So ordered this the 18th day of November, 1970.

> ALBERT J. HENDERSON, JR.
> /s/ Albert J. Henderson, Jr.
> Judge, United States District
> Court for the Northern District
> of Georgia