**James Edward NETTLES, Appellant,**

v.

**Alfred T. RUNDLE, Warden and Arthur T. Prasse, Commissioner of Prisons.**

**No. 18450.**

United States Court of Appeals,
Third Circuit.

Argued Sept. 30, 1971.

Decided Dec. 8, 1971.

———◆———

Herbert G. Kenne, Jr., Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for appellant.

Herman Rosenberger, Asst. Atty. Gen., Philadelphia, Pa. (J. Shane Creamer, Atty. Gen., Herbert Monheit, Asst. Atty. Gen., by Larry Elliot Jones, Asst. Atty. Gen., Philadelphia, Pa., on the brief), for appellees.

Before SEITZ, Chief Judge, and HASTIE, Circuit Judge, and HERMAN, District Judge.

OPINION OF THE COURT

PER CURIAM:

This action for damages under the Civil Rights Act, 42 U.S.C. § 1983, has been brought by a state prisoner against prison authorities. It charges the defendants with negligence in connection with medical treatment requested and needed by the prisoner. The complaint also contains an allegation that medical attention was withheld because the plaintiff refused to sign a document waiving any claim for injury that might result from treatment. But this allegation is followed by a statement that, shortly after the plaintiff's refusal to sign a release, the prison authorities did provide him with medical attention. Thus, accepting the petitioner's allegations as true, we can find no more in the complaint than a charge of ordinary negligence in the course of the handling, diagnosis or treatment of the prisoner's medical complaint.

While such negligence is a tort, cognizable under state law, it does not amount to such a denial of a constitutional or federally protected right as can be redressed under the Civil Rights Act.

The judgment will be affirmed.