**Rodney SANTIAGO**

v.

**Louis M. SOWERS et al.**

**Civ. A. No. 72–82.**

United States District Court,
M. D. Louisiana.

Sept. 20, 1972.

Rodney Santiago, in pro per.

William J. Guste, Atty. Gen., State of La., Stanford O. Bardwell, Jr., Asst. Atty. Gen., Baton Rouge, La., for defendants.

E. GORDON WEST, District Judge:

Plaintiff, Rodney Santiago, is incarcerated at Louisiana State Penitentiary. On April 25, 1971, he was involved in some sort of fracas with another inmate, as a result of which he received multiple stab wounds. He now brings this suit against certain prison officials, including the two doctors who treated him at the penitentiary, demanding money damages and injunctive relief, claiming that these defendants, and particularly the doctors involved, have violated his civil rights contrary to the provisions of Title 42 U.S.C.A., Section 1983. Defendants have answered denying the pertinent allegations, and have also filed a motion to dismiss for failure to state a claim upon which relief can be granted by this Court. It is that motion which is now before the Court, and after due consideration thereof, it is the opinion of this Court that the motion should be granted.

The only allegations of any significance contained in the plaintiff's complaint are that on April 25, 1971, he received multiple stab wounds resulting from an incident with another inmate; that he was "hospitalized under the direction of the defendants, Drs. Rincon and Kimble"; that these defendants "refused to bring in a specialist to treat petitioner's arm"; "that as a result of the defendants' negligence, petitioner has lost total use of his left arm, and is permanently disfigured"; "that he suffers from severe pains of his left arm as a result of the stabbing incident"; and that "had he received proper medical attention in time, he would not be suffering thus." Plaintiff then proceeds to demand $60,000 in damages and an order directing the prison officials "to provide means to obtain that petitioner (sic) may get immediate medical attention."

Considered in the light most favorable to the plaintiff, these allegations could, at the very most, support a tort claim for malpractice on the part of a physician. Such a claim, absent diversity requirements, could not, of course, be brought in this Court.

To support a claim under Title 42 U.S.C.A., Section 1983, it must appear that someone, under color of some statute, ordinance, regulation, custom, or usage of a State, subjects or causes a person to be subjected to a deprivation of some right, privilege or immunity secured by the Constitution or laws of the United States. Plaintiff bases his claim on the assertion that the treatment he received at the penitentiary and/or at the hospital constituted cruel and unusual punishment and hence amounted to a violation of the Eighth Amendment to the United States Constitution. We conclude that the allegations in petitioner's complaint do not support that assertion. This is not a case wherein the plaintiff was refused or denied medical attention, nor is it a case wherein doctors' orders were ignored or disobeyed by prison officials. And it certainly is not a case wherein the conduct complained of, even when taken at its face value, "shocks the conscience" or appears "barbarous." An allegation of mere negligence in giving or failing to supply medical attention alone will not suffice to state a claim under Section 1983. See Martinez v. Mancusi, 443 F.2d 921 (CA 2—1970). More than an error in judgment on the part of the doctor, or a disagreement between the doctor and the inmate is required to form the basis of a § 1983 complaint. "Virtually every * * * instance in which a court has granted relief [under § 1983] has been characterized by a wilful refusal to treat a known ailment, * * * and not the mere exercise of faulty judgment." United States ex rel. Hyde v. McGinnis, 429 F.2d 864, 867 (CA 2—1970). An allegation of negligent conduct by a state public official is not sufficient, of itself, to state a claim under § 1983. The wrongdoing complained of must amount to a deprivation of a federally guaranteed right. In the case of a complaint concerning improper or inadequate medical care, it must appear that the care, or lack of care was so cruel or so unusual as to constitute a violation of the Eighth Amendment to the United States Constitution before a claim under § 1983 has been set forth. Gittlemacker v. Prasse, 428 F.2d 1 (CA 3—1970). Such is obviously not the case here. This complaint sets forth nothing but a difference of opinion as to whether or not the doctors involved used good professional judgment. Such allegations sound in tort only and do not set forth a § 1983 case. Mayfield v. Craven, 433 F.2d 873 (CA 9—1970). While failure or refusal to provide medical care may violate the Fourteenth Amendment to the United States Constitution, mistreatment does so only under such exceptional circumstances that approach failure to provide care at all. Simple malpractice may give rise to a state court suit for damages, but it does not give rise to a civil rights action under § 1983. Shields v. Kunkel, et al., 442 F.2d 409 (CA 9—1971); Tolbert v. Eyman, 434 F.2d 625 (CA 9—1970). In the instant case there is no claim that the plaintiff was not treated for his stab wounds. On the contrary, plaintiff asserts that he was hospitalized and was treated under the direction of Drs. Rincon and Kimble. His whole claim is based on his belief that the doctors involved should have called in some "specialist" to treat him. In other words, the plaintiff merely sets forth a difference of opinion as to the ability or competency of the treating physicians. This raises no justiciable federal question. Nettles v. Rundle, 453 F.2d 889 (CA 3—1971).

For these reasons, the defendants' motion to dismiss this suit for failure to state a claim upon which relief can be granted by this Court should be granted, and judgment will be entered accordingly.