Anges SLOAN, Plaintiff,

v.

John L. ZELKER, Superintendent of Green Haven Correctional Facility, Stormville, N. Y., et al., Defendants.

No. 71 Civ. 3408.

United States District Court,
S. D. New York.

May 23, 1973.

Anges Sloan, plaintiff pro se.

Louis J. Lefkowitz, Atty. Gen. of N. Y., New York City, by Gilbert L. Offenhartz, New York City, for defendants.

GURFEIN, District Judge.

The defendants have moved to dismiss the plaintiff's pro se complaint. The defendants are John L. Zelker, the Superintendent of Green Haven Correctional Facility and Doctors Moutabello and Jakien, Medical Staff.

The plaintiff Sloan filed his complaint in this action on July 27, 1971. At that time he was serving a sentence at the Green Haven Correctional Institution. The complaint demands various forms of relief including the issuance of an injunction against prison authorities, the transfer of the plaintiff from Green Haven to appropriate medical facilities and pecuniary damages. Since the plaintiff was released from custody on November 20, 1971 the court need consider only the claim for monetary damages.

Sloan's complaint asserts that the prison authorities violated his civil rights. (42 U.S.C. § 1983). His claim is that his civil rights were violated because 1) he did not approve the method by which the physician defendants removed warts from his penis; the burn-

ing of the roots of the warts and 2) because they failed to have him examined by a "specialist" at his request.

The prison physicians treated Sloan upon two occasions by burning off the warts. Sloan complains that this treatment resulted in the growth of additional warts on his penis. Sloan alleges that he consulted further with the prison doctors who appeared mystified by the post-treatment proliferation of the warts. Believing that warts were cancerous, Sloan demanded a consultation with a specialist. His demand was turned down by the attending physicians. He repeated his demand for a specialist to Zelker, the superintendent of Green Haven. Zelker likewise rejected Sloan's application. Thereupon Sloan commenced this action against the physicians and Zelker.

■ It is Sloan's contention that by denying him a consultation with a specialist the prison authorities deprived Sloan of the fundamental right to the maintenance of his health.

Taking as true the allegations of the complaint, as they must be on a motion to dismiss, Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964), the right allegedly violated by the prison authorities is not one which is cognizable under the Civil Rights Law, 42 U.S. C. § 1983. Consequently this court, in the absence of another jurisdictional basis, has no power to entertain Sloan's claim for relief.

■ In questions of the nature presented by Sloan's complaint, the scope of authority of a federal court is very narrow:

"It is confined to determining whether the medical treatment of the prisoner is so shocking as to constitute a denial of due process prohibited by the Fourteenth Amendment or a cruel and unusual punishment forbidden by the Eighth Amendment, selectively incorporated into the Fourteenth." Startz v. Cullen, 468 F.2d 560, 561 (2 Cir. 1972).

Sloan has essentially charged the State's physicians with negligent treatment of his physical condition. In Sloan's own words, "[t]he Question arises . . . that Mr. John L. Zelker . . . Head Doctor Jakien and Asst. Head Doctor Moutbello [sic] [were] negligent in the performance of their duties . . . ." Complaint ¶ 8. It is settled law in this Circuit that "[a]llegations of mere negligence in the treatment of a prisoner's physical condition, or claims based on differences of opinion over matters of medical judgment, fail to rise to the level of a § 1983 violation." Corby v. Conboy, 457 F.2d 251, 254 (2 Cir. 1972). See also United States ex rel. Hyde v. McGinnis, 429 F.2d 864 (2 Cir. 1970); Church v. Hegstrom, 416 F.2d 449 (2 Cir. 1969). It is only where the prison authorities display a deliberate and flagrant indifference to the medical needs of a prisoner that a § 1983 action will lie. See Martinez v. Mancusi, 443 F.2d 921 (2 Cir. 1970).

■ Here there was no callous indifference to a serious physical disability of the plaintiff Sloan of the type and degree alleged in Martinez v. Mancusi, supra. The most that was alleged was a difference of opinion between Sloan and the prison doctors over the correct diagnosis and proper treatment of Sloan's condition. The doctors and Zelker did not ignore Sloan's complaints but did embark upon a course of treatment.

The District Court for the Middle District of Louisiana had occasion recently to confront a civil rights charge virtually identical to the one advanced by Sloan. In Santiago v. Sowers, 347 F.Supp. 1055 (M.D.La.1972), a prisoner, whose arm had been stabbed in a fracas with another inmate, charged that prison doctors were negligent in refusing to bring in a specialist to treat his arm. The court held that where the defendants have treated the plaintiff, the failure to call in a specialist "merely sets forth a difference of opinion as to the ability or competency of the treating physicians. This raises no justiciable

federal question. Nettles v. Rundle, 453 F.2d 889 (3 Cir. 1971)." Santiago v. Sowers, *supra* at 1057.

It is clear, therefore, that Sloan's allegations do not state a claim against the defendants under § 1983. United States ex rel. Hyde v. McGinnis, 429 F.2d 864, 868 (2 Cir. 1970). If Sloan desires relief, he must seek it in the state courts. See Church v. Hegstrom, 416 F.2d 449, 451 (2 Cir. 1969).

The complaint is dismissed.

It is so ordered.