**Richard DI FEBO, Plaintiff,**

v.

**Paul W. KEVE, Director of Correc-
tions, et al., Defendants.**

Civ. A. No. 75–161.

United States District Court,
D. Delaware.

June 6, 1975.

Richard Di Febo, pro se.

John Willard, Deputy Atty. Gen., Wilmington, Del., for defendants.

## MEMORANDUM AND ORDER

LATCHUM, Chief Judge.

The plaintiff, a state prisoner who is incarcerated in the Delaware Correctional Center, has presented a complaint in this court seeking monetary damages against the defendants. The defendants are all officials of the Department of Corrections except for Dr. Moss, who is an optometrist engaged in private practice in Wilmington, Delaware.

Construing the complaint most favorably for the plaintiff, it alleges that the plaintiff was considered blind from birth until 6½ years of age; that on October 19, 1974 during a hassle between guards and another inmate, the left lens of plaintiff's glasses was broken; that plaintiff was in no way involved in the hassle except as an innocent bystander; that being without his glasses, he has suffered eye strain; that although his eye strain was treated with drops on eight occasions in the hospital, it has not helped; that although he called his broken glasses and eye trouble to Deputy Warden Redman's attention by letter in the middle of December 1974, he was not examined by Dr. Moss until January 17, 1975; that although Dr. Moss found the vision of his left eye to be highly weakened, as of May 30, 1975 he had not received his replacement lens or glasses even though he volunteered to pay the cost with his personal funds; and that as a result of being without corrective lens for this prolonged period, his vision in his left eye has become permanently impaired. Therefore, plaintiff demands a judgment against the defendants for damages in the amount of $10,000.

Accepting all of the above allegations as true, the complaint charges the defendants simply with ordinary negligence in the course of the handling and the treatment of the plaintiff's medical complaint. While such negligence is a tort and would be cognizable under Delaware law, it does not amount to a denial of a constitutional or federally protected right that can be redressed in this court under the Civil Rights Act, 42 U.S.C. § 1983. Nettles v. Rundle, 453 F.2d 889 (C.A.3, 1971); Gittlemacker v. Prasse, 428 F.2d 1, 5–6 (C.A.3, 1970); United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84, 87 (C.A.3, 1969), cert. denied, 396 U.S. 1046, 90 S. Ct. 696, 24 L.Ed.2d 691 (1970); Fear v. Commonwealth of Pennsylvania, 413 F. 2d 88, 89 (C.A.3, 1969), cert. denied, 396 U.S. 935, 90 S.Ct. 278, 24 L.Ed.2d 234; Commonwealth of Pennsylvania v. Hen-

drick, 368 F.2d 179, 180 (C.A.3, 1966), *cert. denied,* 386 U.S. 925, 87 S.Ct. 899, 17 L.Ed.2d 797 (1967).

Accordingly, the Court concludes that the complaint on its face fails to state a cause of action cognizable under the Civil Rights Act, 42 U.S.C. § 1983, which may be litigated in this court. Therefore, the complaint will be dismissed.