Antonio **SCURRY**, Plaintiff,

v.

Dr. Frances **FERNANDEZ**, et al., Defendants.

Civ. A. No. 93–0601.

United States District Court, District of Columbia.

Dec. 23, 1993.

Antonio Scurry, pro se.

William Randolph Morel, Office of Corp. Counsel, Washington, DC, for defendant.

*MEMORANDUM OPINION AND ORDER*

SPORKIN, District Judge.

This matter is before the Court on defendant District of Columbia's motion to dismiss the complaint against it or, in the alternative, for summary judgment. Plaintiff, proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against Dr. Frances Fernandez and other employees of the District of Columbia Department of Corrections alleging violation of the Eighth Amendment prohibition on cruel and unusual punishment. For the following reasons, this Court grants the motion to dismiss.

BACKGROUND

Plaintiff presently is an inmate at the Lorton Correctional Facility ("Lorton"). He alleges that on or about August 7, 1992, while he was incarcerated at the D.C. Jail, he slipped and fell in the shower area. He claims that as a result of the fall he lost consciousness and sustained injuries to his neck, back and shoulders. Medical staff transported him to the infirmary where he was examined and x-rays of his spine were taken. It appears that sometime during his visit to the infirmary, an argument erupted between the plaintiff and members of the medical staff.[1] Dr. Fernandez ended the examination and plaintiff was asked to leave the infirmary. Plaintiff refused, claiming that he was unable to move.[2] A disciplinary

---

1. Plaintiff contends that the medical staff taunted him, laughed at him, and accused him of feigning injury but is notably silent on the cause of the altercation.

2. The medical report of the August 7, 1992 examination notes that although plaintiff professed to be paralyzed, medical staff observed him moving his legs when he thought no-one was watching him.

report was filed against the plaintiff charging him with "disrespect and lack of cooperation." Plaintiff was placed in a segregation unit pending the resolution of the disciplinary proceedings against him. On August 10, 1992, plaintiff appeared before the disciplinary board and was found guilty and was placed in "adjustment segregation."

Subsequently, plaintiff was transferred to Lorton where he was examined and treated on August 15, 1992. Plaintiff alleges he received no examination or treatment between August 7, 1993 and August 15, 1993. The medical report of his August 15, 1992 examination reflects that plaintiff exhibited decreased range of motion in his neck and back and prescribed rest, moist heat, and pain relieving medication. The Lorton medical staff examined and/or treated plaintiff at least 89 times between August 15, 1992 and September 1993.

Plaintiff does not dispute the authenticity of his medical record nor does he claim that the treatment he received was inadequate. Rather, he contends that his lack of medical attention between the time he was discharged from the D.C. Jail infirmary and his initial examination at Lorton was due to defendants deliberate indifference to his condition and thus constituted cruel and unusual punishment.

DISCUSSION

The Court must read *pro se* complaints liberally. So read, plaintiff's complaint alleges that the District of Columbia violated his Eighth Amendment rights by failing to train the medical staff at the D.C. Jail to respond adequately to his needs. His Eighth Amendment claim is brought solely against the District of Columbia. Nowhere in his complaint does plaintiff allege actions by the named defendants in their individual capacities that amount to a constitutional tort. The issue before the Court, therefore, is whether plaintiff has stated a legally cognizable claim against the District of Columbia under 42 U.S.C. § 1983.

In *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *Id.* at 104, 97 S.Ct. at 291. "Deliberate indifference" must be evidenced by proof that corrections personnel intentionally denied, delayed access to or interfered with prescribed treatment. *Id.* at 104–06, 97 S.Ct. at 291–92; *Gill v. Mooney*, 824 F.2d 192, 195–96 (2d Cir.1987). "[M]ere negligence in the treatment of a prisoner's physical condition, or claims based on differences of opinion over matters of medical judgment, fail to rise to the level of a § 1983 violation." *Sloan v. Zelker*, 362 F.Supp. 83, 84 (S.D.N.Y.1973).

The injury report completed on August 7, 1993, succinctly summarizes the findings of the medical staff during their examination of the plaintiff. The report notes that the plaintiff arrived at the infirmary by stretcher complaining of an injured head and back and claiming that he could not move. The report also states that no injury was observed. Plaintiff's pulse, blood pressure, and respiration were all within the normal range. His pupils reacted to light and sensation in his extremities was intact. X-rays of his spine were taken. He was prescribed Advil and Motrin for his pain. Most telling, defendant Bassey noted in the injury report that "[p]atient observed moving legs when people not present."

Even if the Court assumes, *arguendo,* that the named defendants acted pursuant to a rule, procedure or policy of the District of Columbia, plaintiff has not alleged facts demonstrating that the District was deliberately indifferent to his medical needs. The decision to discharge plaintiff from the infirmary seems to have been driven by medical judgment rather than ill motive. Although plaintiff's treatment history at Lorton suggests that he indeed suffers from back and neck pain, the defendants actions do not constitute "unnecessary and wanton infliction of pain." Therefore, the Court determines that plaintiff has failed to make out a claim against the District of Columbia or the individual defendants under the Eighth Amendment.

Because the plaintiff is suing *pro se,* the Court is obligated to ascertain whether plaintiff can establish a claim against the individual defendants on a basis other than an

Eighth Amendment claim. A challenge to a decision based on medical judgment constitutes, at most, a medical malpractice claim which is not cognizable in a federal § 1983 action. *Estelle*, 429 U.S. at 106–07, 97 S.Ct. at 292–93. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 106, 97 S.Ct. at 292. Plaintiff's complaint does not allege deliberate indifference but a failure to use reasonable care in his treatment.

This Court has jurisdiction over the individual named defendants in a negligence action only if plaintiff can establish proper jurisdiction. The complaint does not allow the Court to ascertain the domicile of the individual defendants and it asserts no basis for jurisdiction other than federal question grounds. Of course, the Court in its discretion may recognize the non-federal claim as a pendent claim under the supplemental jurisdiction doctrine. This the Court chooses not to do. Accordingly, the Court dismisses the action against the individual defendants without prejudice. This decision in no way impedes plaintiff's right to refile his action in the D.C. Superior Court.

CONCLUSION

For the reasons stated above, this Court dismisses plaintiff's complaint against the District of Columbia and dismisses the complaint against the individual defendants without prejudice.