104

Lester BURRELL

v.

Carl GRIFFITH, et al.

No. 1:94–CV–67.

United States District Court,
E.D. Texas,
Beaumont Division.

Oct. 26, 1994.

Lester Burrell, pro se.

Richard Baker, Asst. Dist. Atty., Jefferson County, for defendant.

MEMORANDUM GRANTING DEFENDANT'S MOTION TO DISMISS IN PART AND DISMISSING SURVIVING CLAIM AS FRIVOLOUS

HINES, United States Magistrate Judge.

Pending is Defendant Carl Griffith's Motion to Dismiss for failure to state a claim on which relief may be granted.

The above-styled action was referred to the magistrate judge pursuant to Title 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate, dated July 3, 1980, for findings of fact, conclusions of law, and recommendations for the disposition of the case. The parties subsequently executed a consent agreement to have the case tried by the magistrate judge.

## I. Nature of the Case

Plaintiff Lester Burrell proceeds *in forma pauperis* and pro se. While playing basketball at the Jefferson County Detention Center, plaintiff, a convicted inmate awaiting transport to the Texas Department of Criminal Justice–Institutional Division, fell and injured himself as he tried to avoid a large hole dug in the jail's recreation yard. Plaintiff states there was a lack of warning or barriers around this hole. In avoidance of the three to four foot wide, irregularly-shaped cavity filled with rain water, plaintiff landed on his back on the concrete court.

An ambulance was called and a nurse appeared on the scene to assist plaintiff. Plaintiff was taken to St. Elizabeth Hospital. Plaintiff was x-rayed and given an injection for pain. A fracture of the lower lumbar of the back was discovered.[1]

Plaintiff was not given a prescription for pain at this time. The doctor at the jail referred plaintiff to the Bone and Joint Clinic in Beaumont, Texas. At the clinic, another doctor, Dr. Wallace, interpreted the x-rays taken at the hospital and conducted a physical. Dr. Wallace prescribed two kinds of painkillers and a full course of physical therapy, relaxing massages, heat applications, ultrasound, and other medical treatments.

Plaintiff's claims of inadequate medical attention center on the ineffectiveness of the medicine prescribed in quelling his pain, the ultimate discontinuance of his medication, the failure to provide him with an elevated bed, which caused him stiffness in his back, and the failure to let him out of his cell twice a day to exercise, as prescribed by Dr. Wal-

lace. Plaintiff further argues the inadequate medical attention encompasses the denial of his request for back support and crutches, the discontinuance of prescribed medicine due to its classification as "narcotic," and the failure to provide relaxing massages as prescribed.

Through hard therapeutic work and diligence, plaintiff states he has made "a miraculous recovery."

Over the course of a year, plaintiff saw a doctor between ten and twelve times, by his own estimate.

## II. The Motion to Dismiss

On October 11, 1994 this court held a Final Pre–Trial Conference and hearing on pending motions, at which time both parties were able to fully address their claims.

### A. The Negligence Claims

■ Mere negligence resulting in injury is not a federal cause of action under section 1983. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). In *Daniels v. Williams*, a prison inmate, much in the same way as the plaintiff in this action, injured himself by falling over a pillow left by a guard on a staircase. In finding there was no underlying violation of any constitutional right necessary to support a § 1983 action, the United States Supreme Court quoted Chief Justice John Marshall, who said "we must never forget, that it is *a constitution* we are expounding." *Daniels*, 474 U.S. at 332, 106 S.Ct. at 665 (quoting *McColloch v. Maryland*, 4 Wheat (17 U.S.) 316, 407, 4 L.Ed. 579 (1819) (emphasis in original)).

Our Constitution deals with the large concerns of the governors and the governed, but it does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society. We have previously rejected reasoning that "'would make of the Fourteenth Amendment a font of tort law to be superimposed

---

1. Defendant contends this was an old injury, although plaintiff disagrees. Resolution of this issue would add nothing to the court's analysis.

The parties do not dispute that at the time in question, plaintiff had a back injury and was in need of medical treatment.

upon whatever systems may already be administered by the States.'" *Id.* (quoting *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976). *See also Bowie v. Procunier,* 808 F.2d 1142 (5th Cir.1987) (per curiam) (failure to provide safety goggles to inmate while chopping wood did not constitute a federal cause of action).

■ Plaintiff obviously seeks to further a claim of negligent maintenance of the jail grounds. He alleges only that the hole was present on the recreation yard, that it was a dangerous condition, and that there was an absence of warning present. He alleges nothing to indicate malicious behavior or some violation of a clearly recognized constitutional right. Indeed, the only reason plaintiff seeks to further this claim under section 1983 is because the allegedly negligent party is a county official instead of a private citizen. *See id.,* 474 U.S. at 332, 106 S.Ct. at 666. "Where a government official's act causing injury to life, liberty, or property is merely negligent, 'no procedure for compensation is constitutionally required.'" *Id.* (quoting *Parratt v. Taylor,* 451 U.S. 527, 548, 101 S.Ct. 1908, 1919, 68 L.Ed.2d 420 (1981) (Powell, J. concurring in result)). This claim therefore is rightfully dismissed.

*B. The Inadequate Medical Care Claims*

■ In order to state a cognizable claim under the Eighth Amendment for inadequate medical care, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Green v. McKaskle,* 788 F.2d 1116, 1126 (5th Cir.1986); *Johnston v. Lucas,* 786 F.2d 1254, 1259 (5th Cir.1986). *See Daniels,* 474 U.S. 327, 106 S.Ct. 662. Deliberate indifference has recently been defined by the Supreme Court as official and actual knowledge and disregard of "an excessive risk of inmate health or safety and equated with the standard for criminal recklessness." *Farmer v. Brennan,* —— U.S. ——, ——, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).

■ A complaint alleging no more than mere negligence or lack of due care in treating a medical condition does not state a claim of medical mistreatment under the Eighth or Fourteenth Amendments. *Daniels,* 474 U.S. 327, 106 S.Ct. 662; *Estelle,* 429 U.S. at 105, 97 S.Ct. at 291; *Partridge v. Two Unknown Police Officers,* 791 F.2d 1182, 1186 (5th Cir. 1986); *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir.1985).

■ Differing medical opinions do not support a claim under § 1983. *McCracken v. Jones,* 562 F.2d 22 (10th Cir.), *cert. denied,* 435 U.S. 917, 98 S.Ct. 1474, 55 L.Ed.2d 509 (1977). *See Sanders v. United States,* 438 F.2d 918, 919 (5th Cir.1971) (finding that prisoner's refusal to comply with prescribed treatment due to difference of opinion regarding diagnosis did not state a claim under federal law); *Santiago v. Sowers,* 347 F.Supp. 1055, 1057 (M.D.1972) (difference of opinion regarding ability or competency of treating physician does not state a cause of action under § 1983). Even negligent medical attention, without more, does not constitute a federal cause of action. *Mendoza v. Lynaugh,* 989 F.2d 191 (5th Cir.1993).

■ By no stretch of the imagination does plaintiff set forth a set of facts supporting a claim for deliberate indifference to his medical needs. Plaintiff saw doctors on numerous occasions, received physical therapy, heat applications, medication, and other medical accoutrements designed to assist his recovery. Plaintiff's claim regarding an elevated bed is disposed succinctly by reiterating a prisoner has no constitutionally recognized right to an elevated bed. *Mann v. Smith,* 796 F.2d 79, 85 (5th Cir.1986); *Castillo v. Bowles,* 687 F.Supp. 277 (N.D.Tex.1988).

■ Plaintiff objects to second opinion solicited by the jail officials and the corresponding treatment alterations, including the change in medication. This is nothing more than what the average citizen could expect when encountering two different doctors. "Defendants do not guarantee that the prisoners receive absolutely correct medical treatment, as there is no such thing, and everyone takes a risk as to diagnosis and treatment." *McCracken,* 562 F.2d at 24. Plaintiff simply argues more could have been

done, or alternatively, he disagrees with what was actually done. These assertions cannot support a claim under § 1983 and warrant a dismissal on the basis of frivolousness. *See, e.g., McCord v. Maggio,* 910 F.2d 1248, 1251 (5th Cir.1990) (neither deliberate indifference nor wanton infliction of pain shown where medical records documented adequate medical attention and treatments).

Plaintiff's medical claims therefore are classified as frivolous in that they have no realistic chance of success and therefore cannot merit sustained court action. *Booker v. Koonce,* 2 F.3d 114, 116 n. 9 (5th Cir.1993). *See Denton v. Hernandez,* —— U.S. ——, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).

### C. Resolution of Suit Against Defendant Brent

Plaintiff also seeks to sue defendant B.J. Brent, the Jefferson County Detention Center Nurse Administrator. On June 3, 1994, plaintiff's first amended complaint was filed. The summons and complaint to be served on defendant Brent was returned unexecuted with the notation that she is no longer employed with the institution. Coupling the underlying lack of substance in plaintiff's asserted claims with the fact that 120 days have passed and defendant Brent has not been served, dismissal pursuant to Federal Rule of Civil Procedure 4(m) is appropriate.

### III. SANCTIONS

This is plaintiff's first frivolous action. Therefore, no sanctions are appropriate. However, plaintiff is notified that future sanctions can be imposed if plaintiff repeatedly files frivolous lawsuits.

The court imposes sanctions in appropriate cases to protect litigants with good faith claims of potential merit. When the court is flooded with frivolous or malicious *in forma pauperis* suits, there is increased danger that meritorious claims, especially those asserted pro se by inmates, will be unreasonably delayed or altogether undetected. Thus, by refraining from frivolous and malicious suits, plaintiff not only will avoid sanctions, but will enhance his ability to receive prompt justice should plaintiff need redress of a legitimate grievance.

### IV. CONCLUSION

As plaintiff has failed to state a claim upon which relief can be granted with regard to his negligence claim, and his inadequate medical care claim is frivolous, *see* 28 U.S.C. § 1915(d), defendant Griffith's Motion to Dismiss is Granted and defendant Brent shall be dismissed pursuant to FED.R.CIV.P. 4(m). A judgment will be entered separately.

### FINAL JUDGMENT

This action came on before the court, and the issues having been duly considered and a decision having been duly rendered, it is

ORDERED and ADJUDGED that defendant Griffith's Motion to Dismiss is GRANTED and plaintiff take nothing. It is further

ORDERED and ADJUDGED that the action against defendant Brent is DISMISSED under FED.R.CIV.P. 4(m). It is further

ORDERED and ADJUDGED that plaintiff be and hereby is notified that future sanctions can be imposed if plaintiff repeatedly files frivolous lawsuits. It also is

ORDERED motions by either party not previously ruled on are hereby DENIED.

Each party shall bear its own costs.