42 F.3d 1388
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David BELLAH, Plaintiff-Appellant,
v.
Kenneth G. McGINNIS; James A. Wing; Carol Shaffer; Mike
Lyons; Raymond Toombs; Darryl Opicka,
Defendants-Appellees.
 No. 94-1704.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1994.
 
 Before: KENNEDY, CONTIE and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 This pro se Michigan prisoner moves for the appointment of counsel and appeals a district court judgment dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages and injunctive relief, David Bellah sued Darryl Opicka, Medical Director of the Ionia Correctional Complex; Kenneth McGinnis, Director of the Michigan Department of Corrections; James Wing, Manager of the Prison Affairs Section for the Michigan Department of Corrections; Carol Shaffer, an employee at the Ionia Maximum Correctional Facility; Mike Lyons, Nurse Manager at the Ionia Maximum Correctional Facility; and Raymond Toombs, the Warden at the Ionia Maximum Correctional Facility, in their individual capacities. Bellah claimed that: 1) he was subjected to cruel and unusual punishment, prohibited by the Eighth Amendment to the United States Constitution, because of a 13-month delay in receiving replacement eyeglasses; and 2) he was subjected to cruel and unusual punishment because the Michigan Department of Corrections (MDOC) does not have a policy to provide for routine follow-up inquiries on the status of eyeglass prescriptions.
 
 
 3
 The case was referred to a magistrate judge for all further proceedings with the consent of the parties pursuant to 28 U.S.C. Sec. 636(c)(1). The magistrate judge conducted an evidentiary hearing and entered a judgment in favor of the defendants. Bellah appeals from that judgment. 28 U.S.C. Sec. 636(c)(3).
 
 
 4
 In his timely appeal, Bellah reasserts that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment.
 
 
 5
 Upon review, we conclude that the district court properly dismissed Bellah's complaint. Under the Eighth Amendment, prison authorities may be sued for deliberate indifference to the serious medical needs of prisoners where such indifference constitutes the unnecessary and wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference may indeed be established by showing a delay in medical treatment. See Caldwell v. Moore, 968 F.2d 595, 602 (6th Cir.1992). To establish a claim of deliberate indifference to a serious medical need under the Eighth Amendment, however, the plaintiff must establish both an objective and subjective component. Wilson v. Seiter, 501 U.S. 294, 301-02 (1991). The objective component requires that the pain be serious. Hudson v. McMillian, 112 S.Ct. 995, 998 (1992). The subjective component provides the means to establish that the offending, non-penal conduct be necessarily wanton in order to state a violation of the Eighth Amendment. Wilson, 501 U.S. at 302.
 
 
 6
 The district court properly dismissed Bellah's first claim because Bellah did not establish that his pain was serious. At best, Bellah established that he is slightly nearsighted. Bellah's moderate nearsightedness does not constitute a serious medical need. See, e.g., Di Febo v. Keve, 395 F.Supp. 1350 (D.Delaware 1975). The district court heard uncontradicted medical testimony that Bellah's visual acuity had changed only slightly and that the failure to examine Bellah from November 1992 until May 1993, and thereafter to fill Bellah's prescription until December 1993, did not damage his vision. Instead, the eye examinations reveal that Bellah's corrected visual acuity improved.
 
 
 7
 The district court also properly dismissed the first claim because Bellah did not establish that the defendants' conduct was wanton. In order to satisfy this element, a plaintiff must do more than show an ordinary lack of due care for the prisoner's interest or safety. See Wilson, 501 U.S. at 305. It is wantonness, not inadvertence, that characterizes the conduct prohibited by the Eighth Amendment. See Whitley v. Albers, 475 U.S. 312, 319 (1986). The record reveals that the defendants did not wantonly delay Bellah's eye examination. The prison's ophthalmologist had only five examination dates from the time Bellah requested new glasses and the date on which he was finally examined. Moreover, the defendants did not wantonly delay filing Bellah's eyeglass prescription. It is uncontroverted that Bellah's prescription was lost, and to make matters worse, Bellah was transferred to another facility. Therefore, the inadvertent loss of the prescription and the delay occasioned by Bellah's transfer caused the delay in filing Bellah's prescription.
 
 
 8
 Bellah's second claim is also meritless. Bellah claimed that the defendants were deliberately indifferent to his medical needs because they did not have in place an established means of regularly checking on the status of his eyeglass prescription. Even if all of Bellah's allegations are accepted as true, the complaint charged the defendants simply with ordinary negligence in the course of handling his eyeglass order. Mere negligence is insufficient to implicate Eighth Amendment concerns. Estelle, 429 U.S. at 104-05; Hicks v. Frey, 992 F.2d 1450, 1455 (6th Cir.1993).
 
 
 9
 Accordingly, Bellah's motion for the appointment of counsel is denied and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.